**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**

| | |
|---|---|
| 3M COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GLENN M. HAMMOND, MICHAEL B. MARTIN, and JOHN (a.k.a. "JOHNNY") GIVENS,<br><br>Defendants. | Civil Action No. 6:26-cv-00034-REW-MAS<br><br>*Electronically Filed* |

**DEFENDANT GLENN M. HAMMOND'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT (DN 40)**

* * * * *

Defendant Glenn M. Hammond ("Hammond"), by counsel, for his Answer and Affirmative Defenses to the First Amended Complaint (DN 40) ("Amended Complaint") filed by Plaintiff 3M Company ("3M"), states as follows.

**PRELIMINARY STATEMENTS**

A. Hammond answers on his own behalf only. Allegations directed to Martin, Givens, or "Defendants" collectively are answered only as they pertain to Hammond. As to the conduct, statements, knowledge, or intent of Martin, Givens, or any non-party, Hammond lacks knowledge or information sufficient to form a belief about their truth except as expressly stated, and those allegations are therefore denied.

B. By Opinion & Order entered September 30, 2026 (DN 99), the Court dismissed Count III (Kentucky common-law fraud) and Count IV (Kentucky civil

conspiracy). Hammond accordingly responds substantively to the allegations as they bear on Counts I and II and responds to Counts III and IV only as stated in Paragraphs 219 through 228 below. Pursuant to Federal Rule of Civil Procedure 8(b)(3), Hammond denies every allegation of the Amended Complaint that is not expressly admitted below. The headings, subheadings, footnotes, images, and unnumbered text of the Amended Complaint are not allegations to which a response is required; to the extent a response is required, they are denied. Footnotes are answered together with the Paragraph in which they appear.

C. Terms that 3M uses as labels, including "Enterprise," "Enterprise Complaints," "fraudulent claims," "scheme," and "Individual __," are used below solely for ease of reference to 3M's allegations. Their use is not an admission that any enterprise, scheme, or fraudulent claim existed, and Hammond denies that they accurately describe any person, pleading, or event.

D. Where the Amended Complaint quotes, paraphrases, or characterizes a document, transcript, order, filing, or other record, Hammond admits only that the record exists and refers to the respective record for its complete and accurate contents. Hammond denies any characterization inconsistent with the record, denies that excerpted or paraphrased passages are complete or fairly presented, and does not admit the truth of the content in any such record.

E. Nothing in this Answer waives the attorney-client privilege, work-product protection, the common interest privilege, or the duties of confidentiality that Hammond owes to his clients under SCR 3.130(1.6). To the extent responding to an

allegation calls for disclosure of privileged or confidential information, Hammond refuses to provide such information, and the allegation is denied. Hammond's responses are limited accordingly.

F. Because the Amended Complaint characterizes Hammond's alleged conduct as criminal, Hammond expressly reserves, and does not waive, his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and Section 11 of the Kentucky Constitution. To the extent Hammond declines to respond to a specific allegation on that basis, the allegation is denied.

**RESPONSES TO THE NUMBERED**
**PARAGRAPHS OF THE AMENDED COMPLAINT**

1. Hammond admits that 3M purports to bring this action against Hammond, Martin, and Givens. Hammond denies the remaining allegations of Paragraph 1.

2. Hammond admits that 3M purports to seek relief for having to defending lawsuits filed against it and that Hammond, on behalf of his clients, filed lawsuits against 3M in Kentucky state courts. Allegations of Paragraph 2 concern a text message sent by Martin. Hammond did not send or receive the alleged message and lacks knowledge or information sufficient to form a belief about its circumstances, its meaning, or Martin's intent, and therefore denies those allegations. Hammond denies the remaining allegations of Paragraph 2.

3. Hammond admits that on March 9, 2023, the Pike Circuit Court entered an order in *[Individual 74] v. 3M Company*, No. 22-CI-812 and refers to that order for its contents. Hammond disputes the findings in that order, which was appealed.

Hammond denies the remaining allegations of Paragraph 3. As to footnote 1, Hammond lacks knowledge or information sufficient to form a belief about the remaining allegations in the footnote and, therefore, denies them.

4. Hammond admits that complaints asserting claims against 3M and other defendants were filed in Kentucky state courts. Hammond refers to the public records of those proceedings for their content and denies any allegations or characterizations in Paragraph 4 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 4.

5. Hammond denies the allegations of Paragraph 5.

6. Hammond denies that he engaged in any scheme and that he asserted fraudulent claims and denies the remaining allegations of Paragraph 6 as they pertain to him. Hammond lacks knowledge or information sufficient to form a belief about 3M's expenditures and therefore denies those allegations.

**<u>The Nature of this Action</u>**

7. Hammond admits that he is an attorney and that he filed and prosecuted claims on behalf of clients against 3M in Kentucky state courts. Hammond refers to the public records of those proceedings for their content and denies any allegations or characterizations in Paragraph 7 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 7.

8. Hammond denies the allegations in Paragraph 8.

9. Hammond denies that he made any effort to conceal any scheme and denies that any scheme existed. Hammond lacks knowledge or information sufficient

to form a belief about what 3M discovered, when, or what it had reason to suspect, and therefore denies those allegations.

10. Paragraph 10 states legal conclusions to which no response is required. To the extent a response is required, Hammond denies that he violated 18 U.S.C. § 1961 et seq., denies that he conspired to violate 18 U.S.C. § 1962(d), and denies that he engaged in fraud or civil conspiracy. Hammond further states that Counts III and IV, which assert Kentucky common-law fraud and civil conspiracy, were dismissed by the Court's Opinion & Order of September 30, 2026 (DN 99).

**The Parties**

11. Hammond admits that at all relevant times he was a resident of Pike County, Kentucky, and an attorney with a law office in Pike County; that he was admitted to the Kentucky bar in 1996; and that his practice has included personal injury, social security disability, workers' compensation, medical malpractice, wrongful death, and nursing home matters, among others. Hammond admits that the social-media post cited in footnote 5 exists and refers to it for its contents. Hammond denies any allegation in Paragraph 11 that is inconsistent with the record it characterizes. Hammond denies the remaining allegations of Paragraph 11.

12. Hammond admits that on March 9, 2023, Judge Howard Keith Hall of the Pike Circuit Court entered an Order Dismissing With Prejudice in *[Individual 74], et ux. v. 3M Company, et al.*, No. 22-CI-812, and refers to that order for its contents. Hammond disputes the findings in that order. The second sentence of Paragraph 12 concerns alleged statements made by Martin and Givens on March 24,

2023. Hammond refers to the public records of that proceeding for their content and denies any allegations or characterizations in Paragraph 12 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 12.

13. Hammond admits that in August 2024 Glen Coleman and Crystal Coleman filed a complaint against him in the Pike Circuit Court, No. 24-CI-873, and refers to the complaint for its contents. Hammond denies any allegation in Paragraph 11 that is inconsistent with the complaint it characterizes. Hammond denies the remaining allegations in Paragraph 13.

14. Hammond admits that the Supreme Court of Kentucky entered an opinion and order in *In re Glenn Hammond*, No. 2024-SC-0331-KB, on October 2024, and refers to that order and the record of that proceeding for their contents. Hammond denies any characterization of the order or proceeding inconsistent with the records themselves. Hammond denies the remaining allegations of Paragraph 14.

15. Hammond admits that he was previously sued in *Hall, et al. v. Hammond*, No. 12-CI-925 (Pike Cir. Ct.), and refers to the record of that proceeding for its contents. Hammond denies any allegation in Paragraph 15 that is inconsistent with the record it characterizes.

16. Hammond lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 16 and therefore denies them.

17. Hammond lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 17 and therefore denies them.

18. Hammond lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 18 and therefore denies them.

19. Hammond denies that he "has a history of misconduct in pursuing bogus claims against 3M." Hammond lacks knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 19 and therefore denies them.

20. Paragraph 20 states a legal conclusion to which no response is required. To the extent a response is required, Hammond denies that he engaged in any conduct that violates 18 U.S.C. § 1962.

21. Hammond lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 21 and therefore denies them.

**Jurisdiction**

22. Paragraph 22 states a legal conclusion to which no response is required. To the extent a response is required, Hammond denies that 3M has a valid claim under the referenced statutes.

23. Paragraph 23 states a legal conclusion to which no response is required. To the extent a response is required, Hammond denies that 3M is entitled to any relief for the claims asserted.

24. Paragraph 24 states a legal conclusion to which no response is required. Hammond states that Counts III and IV, the only counts to which supplemental jurisdiction under 28 U.S.C. § 1367(a) was directed, have been dismissed (DN 99). To the extent a response is required, Hammond denies the allegations of Paragraph 24.

25. Paragraph 25 states a legal conclusion to which no response is required. To the extent a response is required, Hammond lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 25 and therefore denies them.

**Background of "Dust Mask" Lawsuits in Eastern Kentucky**

26. Hammond admits the allegations of Paragraph 26.

27. Hammond lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 27 and therefore denies them.

28. Hammond admits that lawyers, including Hammond, have brought claims on behalf of coal workers against manufacturers, sellers, and distributors of respirators. Hammond denies the remaining allegations of Paragraph 28.

29. Hammond admits that the Federal Coal Mine Health and Safety Act of 1969 exists and refers to it for its terms. Hammond denies any allegation in Paragraph 29 inconsistent with the content of the act. Hammond denies that very few coal workers wore respirators and denies that any generalized statistic establishes that any particular claimant did not wear a mask. Hammond lacks knowledge or information sufficient to form a belief about the remaining allegations and therefore denies them.

30. Hammond admits that lawsuits have been filed alleging that coal workers used respirators, that those respirators were defective, and that defects caused or contributed to damage to the coal workers. Hammond denies the remaining allegations of Paragraph 30.

31. Hammond denies the allegations of Paragraph 31.

32. Hammond lacks knowledge or information sufficient to form a belief about what 3M "has much to say about" and therefore denies that allegation in Paragraph 32. Hammond denies the remaining allegations of Paragraph 32.

**The Unlawful RICO Enterprise**

33. Paragraph 33 states a legal conclusion to which no response is required. To the extent a response is required, Hammond denies that he was a member of any enterprise within the meaning of 18 U.S.C. § 1961(4), denies that any "Enterprise" was formed or existed, and denies that he participated in any shared illegal purpose. Hammond admits that at all relevant times each Defendant operated his own separate firm and that neither Martin nor Givens was ever an officer or employee of Hammond's firm, and that Hammond was never an officer or employee of either of their firms. Hammond denies the remaining allegations of Paragraph 33.

34. Hammond admits that complaints were filed asserting claims against 3M in Kentucky courts. Hammond refers to the public records of those proceedings for their content and denies any allegations or characterizations in Paragraph 34 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 34.

35. Hammond denies the allegations of Paragraph 35.

36. Hammond denies the allegations of Paragraph 36.

37. Hammond denies the allegations concerning Hammond in Paragraph 37. The allegations of Paragraph 37 concerning Martin and Givens are not directed

to Hammond; to the extent a response is required, Hammond denies them as he denies the existence of an Enterprise.

38. Hammond admits that in May of 2020 he and Martin entered into a written agreement. Hammond lacks knowledge or information sufficient to form a belief about the allegations directed at Martin and Givens and therefore denies those allegations. Hammond denies the remaining allegations of Paragraph 38.

39. Hammond admits that in May of 2020 he and Martin entered into a written agreement. Hammond lacks knowledge or information sufficient to form a belief about the allegations directed at Martin and Givens and therefore denies those allegations. Paragraph 39's allegation of a violation of Kentucky Rules of Professional Conduct states a legal conclusion to which no response is required. To the extent a response is required, Hammond denies the allegations. Hammond denies the remaining allegations of Paragraph 39.

40. Hammond denies the allegations of Paragraph 40.

41. Hammond lacks knowledge or information sufficient to form a belief concerning the allegations of conduct and motive of Martin and Givens in Paragraph 41 and therefore denies them. Hammond denies the remaining allegations of Paragraph 41.

42. Paragraph 42 states legal conclusions to which no response is required. To the extent a response is required, Hammond denies that he engaged in any act of racketeering activity, denies that he committed mail fraud, wire fraud, or obstruction of justice. Hammond denies the remaining allegations of Paragraph 42.

43. Paragraph 43 states legal conclusions to which no response is required. To the extent a response is required, Hammond denies that any enterprise existed, denies that he pursued any fraudulent claim, and denies the remaining allegations of Paragraph 43.

**The Objectives of the Unlawful RICO Enterprise**

44. Hammond admits that complaints were filed asserting claims against 3M. Hammond refers to the public records of those proceedings for their content and denies any allegations or characterizations in Paragraph 44 inconsistent with those records. Hammond denies that he and other Defendants worked "in concert" in any scheme, denies that he held the beliefs or understandings attributed to him, and lacks knowledge or information sufficient to form a belief about the beliefs and understandings of others. The remaining allegations of Paragraph 44 are therefore denied.

45. Hammond denies the allegations in Paragraph 45. Hammond specifically denies that an enterprise existed.

46. Hammond denies the allegations in Paragraph 46..

47. Hammond denies the allegations in Paragraph 47..

48. Hammond denies the allegations in Paragraph 48.

49. Hammond denies the allegations in Paragraph 49.

50. Hammond denies the allegations in Paragraph 50.

**Defendants' Actions in Furtherance of Their Fraudulent Scheme**

51. Hammond denies the allegations in Paragraph 51.

52. Hammond admits that complaints asserting claims against 3M and other defendants were filed in Kentucky state courts. Hammond refers to the public records of those proceedings for their content and denies any allegations or characterizations in Paragraph 52 inconsistent with those records. Hammond denies the remaining allegations in Paragraph 52.

**False Statements**

53. Hammond denies the allegations in Paragraph 53.

54. Hammond admits that use of a respirator is a component of a dust mask case. Hammond denies the remaining allegations of Paragraph 54.

55. Hammond admits that use of a 3M respirator is a component of a dust mask case against 3M. Hammond denies the remaining allegations of Paragraph 55.

56. Hammond denies the allegations of Paragraph 56.

57. Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, the existing law concerning statutes of limitations speaks for itself, and Hammond denies any allegation or characterization contrary to the law, including but not limited to the allegation that a claim being filed within a year of the discovery of black lung disease is a "foundational component" of a claim, as the statute of limitations is an affirmative defense. In response to the allegation about Martin's testimony, Hammond refers to the cited deposition testimony of Martin as to what Martin said under oath and denies any allegation or characterization inconsistent with his testimony. Hammond further denies that such

testimony of Martin is attributable to Hammond or that such testimony reflects fact or truth. Hammond denies the remaining allegations of Paragraph 57.

58. Hammond denies the allegations of Paragraph 58.

59. Hammond denies the allegations in Paragraph 59 concerning Hammond. Paragraph 59 concerns communications allegedly made by Martin and Givens regarding their representation of plaintiffs to which no response from Hammond is required. To the extent a response is required, Hammond lacks knowledge or information sufficient to form a belief about those communications as pled and the purposes attributed to them and therefore denies the allegations of Paragraph 59.

60. Hammond denies allegations of Paragraph 60.

**Recruitment and Intake of Coal Workers**

61. Hammond denies the allegations of Paragraph 61.

62. Hammond denies the allegations of Paragraph 62.

63. Hammond denies the allegations of Paragraph 63.

64. Hammond denies the allegations of Paragraph 64.

65. Hammond denies the allegations of Paragraph 65.

66. Hammond admits that his firm conducted dozens of intake interviews of prospective dust mask clients. Hammond denies the remaining allegations of Paragraph 66.

67. Hammond refers to the public records of the proceedings referenced in Paragraph 67 for their content and denies any allegations or characterizations in Paragraph 67 inconsistent with those records.

68. Hammond denies the allegations in Paragraph 68.

**Section III — False Statements in the Enterprise Complaints**

69. Hammond admits that complaints asserting claims against 3M and other defendants were filed in Kentucky state courts. Hammond refers to the public records of those proceedings for their content and denies any allegations or characterizations in Paragraph 69 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 69.

70. Hammond refers to the public records of the proceedings referenced in Paragraph 70 for their content and denies any allegations or characterizations in Paragraph 70 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 70.

71. Hammond refers to the public records of the proceedings referenced in Paragraph 71 for their content and denies any allegations or characterizations in Paragraph 71 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 71.

72. Hammond refers to the public records of the proceedings referenced in Paragraph 72 for their content and denies any allegations or characterizations in Paragraph 72 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 72.

73. Hammond refers to the public records of the proceedings referenced in Paragraph 73 for their content and denies any allegations or characterizations in Paragraph 73 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 73.

74. Hammond refers to the public records of the proceedings referenced in Paragraph 74 for their content and denies any allegations or characterizations in Paragraph 74 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 74.

75. Hammond refers to the public records of the proceedings referenced in Paragraph 75 for their content and denies any allegations or characterizations in Paragraph 75 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 75.

76. Hammond refers to the public records of the proceedings referenced in Paragraph 76 for their content and denies any allegations or characterizations in Paragraph 76 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 76.

77. Hammond refers to the public records of the proceedings referenced in Paragraph 77 for their content and denies any allegations or characterizations in Paragraph 77 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 77.

78. Hammond refers to the public records of the proceedings referenced in Paragraph 78 for their content and denies any allegations or characterizations in

Paragraph 78 inconsistent with those records. Hammond denies that the complaint was an "Enterprise Complaint" and denies the remaining allegations of Paragraph 78.

79. Hammond refers to the public records of the proceedings referenced in Paragraph 79 for their content and denies any allegations or characterizations in Paragraph 79 inconsistent with those records. Hammond denies that the complaint was an "Enterprise Complaint" and denies the remaining allegations of Paragraph 79.

80. Hammond refers to the public records of the proceedings referenced in Paragraph 80 for their content and denies any allegations or characterizations in Paragraph 80 inconsistent with those records. Hammond denies that the complaint was an "Enterprise Complaint" and denies the remaining allegations of Paragraph 80.

81. Hammond refers to the public records of the proceedings referenced in Paragraph 81 for their content and denies any allegations or characterizations in Paragraph 81 inconsistent with those records. Hammond denies that the complaint was an "Enterprise Complaint" and denies the remaining allegations of Paragraph 81.

82. Hammond refers to the public records of the proceedings referenced in Paragraph 82 for their content and denies any allegations or characterizations in Paragraph 82 inconsistent with those records. Hammond denies that the complaint

was an "Enterprise Complaint" and denies the remaining allegations of Paragraph 82.

83. Hammond refers to the public records of the proceedings referenced in Paragraph 83 for their content and denies any allegations or characterizations in Paragraph 83 inconsistent with those records. Hammond denies that the complaint was an "Enterprise Complaint" and denies the remaining allegations of Paragraph 83.

84. Hammond refers to the public records of the proceedings referenced in Paragraph 84 for their content and denies any allegations or characterizations in Paragraph 84 inconsistent with those records. Hammond denies that the complaint was an "Enterprise Complaint" and denies the remaining allegations of Paragraph 84.

85. Hammond refers to the public records of the proceedings referenced in Paragraph 85 for their content and denies any allegations or characterizations in Paragraph 85 inconsistent with those records. Hammond denies that the complaint was an "Enterprise Complaint" and denies the remaining allegations of Paragraph 85.

86. Hammond refers to the public records of the proceedings referenced in Paragraph 86 for their content and denies any allegations or characterizations in Paragraph 86 inconsistent with those records. Hammond denies that the complaint was an "Enterprise Complaint" and denies the remaining allegations of Paragraph 86.

87. Hammond refers to the public records of the proceedings referenced in Paragraph 87 for their content and denies any allegations or characterizations in Paragraph 87 inconsistent with those records. Hammond denies that the complaint was an "Enterprise Complaint" and denies the remaining allegations of Paragraph 87.

88. Hammond refers to the public records of the proceedings referenced in Paragraph 88 for their content and denies any allegations or characterizations in Paragraph 88 inconsistent with those records. Hammond denies that the complaint was an "Enterprise Complaint" and denies the remaining allegations of Paragraph 88.

89. Hammond refers to the public records of the proceedings referenced in Paragraph 89 for their content and denies any allegations or characterizations in Paragraph 89 inconsistent with those records. Hammond denies that the complaint was an "Enterprise Complaint" and denies the remaining allegations of Paragraph 89.

90. Hammond refers to the public records of the proceedings referenced in Paragraph 90 for their content and denies any allegations or characterizations in Paragraph 90 inconsistent with those records. Hammond denies that the complaint was an "Enterprise Complaint" and denies the remaining allegations of Paragraph 90.

91. Hammond refers to the public records of the proceedings referenced in Paragraph 91 for their content and denies any allegations or characterizations in

Paragraph 91 inconsistent with those records. Hammond denies that the complaint was an "Enterprise Complaint" and denies the remaining allegations of Paragraph 91.

**The Enterprise Complaints Contain Nearly Identical Fraudulent Allegations**

92. Hammond refers to the public records of the proceedings referenced in Paragraph 92 for their content and denies any allegations or characterizations in Paragraph 92 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 92.

93. Hammond refers to the public records of the proceedings referenced in Paragraph 93 for their content and denies any allegations or characterizations in Paragraph 93 inconsistent with those records. Hammond denies that the absence of a formal diagnosis of "black lung" establishes that a claimant did not suffer from other injury or that a claimant lacked any viable legal claim, and Hammond denies the remaining allegations of Paragraph 93.

94. Hammond lacks knowledge or information sufficient to form a belief about the unspecified medical records 3M has obtained or what they show and therefore denies those allegations. Hammond denies the remaining allegations of Paragraph 94.

95. Hammond denies the allegations in Paragraph 95.

96. Hammond refers to the public records of the proceedings referenced in Paragraph 96 for their content and denies any allegations or characterizations in

Paragraph 96 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 96.

97. Hammond lacks knowledge or information sufficient to form a belief about the historical data and sales volumes alleged in Paragraph 97 and therefore denies those allegations. Hammond denies that such alleged information constitutes evidence of whether his clients used dust masks in the mines. Hammond refers to the public records of the proceedings referenced in Paragraph 97 for their content and denies any allegations or characterizations in Paragraph 97 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 97.

98. Hammond denies the allegations in Paragraph 98.

99. Hammond refers to the public records of the proceedings referenced in Paragraph 99 for their content and denies any allegations or characterizations in Paragraph 99 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 99.

100. Hammond refers to the records of the proceedings referenced in Paragraph 100 for their content and denies any allegations or characterizations in Paragraph 100 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 100.

101. Hammond refers to the public records of the proceedings referenced in Paragraph 101 for their content and denies any allegations or characterizations in Paragraph 101 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 101.

102. Hammond refers to the public records of the proceedings referenced in Paragraph 102 for their content and denies any allegations or characterizations in Paragraph 102 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 102.

103. Hammond refers to the public records of the proceedings referenced in Paragraph 103 for their content and denies any allegations or characterizations in Paragraph 103 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 103.

104. Hammond refers to the public records of the proceedings referenced in Paragraph 104 for their content and denies any allegations or characterizations in Paragraph 104 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 104.

105. Hammond refers to the public records of the proceedings referenced in Paragraph 105 for their content and denies any allegations or characterizations in Paragraph 105 inconsistent with those records. Hammond denies that the statute of limitations "unquestionably barred" any claim and denies the remaining allegations of Paragraph 105. Hammond also affirmatively states that in this and many other cases, his clients had a good-faith argument that the statute of limitations was tolled by fraudulent concealment by 3M. Hammond lacks knowledge or information sufficient to form a belief about what Martin and Givens knew and therefore denies those allegations.

106. Hammond denies the allegations in Paragraph 106.

107. Hammond refers to the public records of the proceedings referenced in Paragraph 107 for their content and denies any allegations or characterizations in Paragraph 107 inconsistent with those records. Hammond denies the remaining allegations in Paragraph 107.

108. Paragraph 108 concerns the deposition testimony of Martin. Hammond refers to the deposition testimony referenced in Paragraph 108 for its content and denies any allegations or characterizations in Paragraph 108 about Martin's testimony. Hammond lacks knowledge or information sufficient to form a belief about Martin's testimony, Martin's alleged investigation, or what Martin knew, and therefore denies the allegations of Paragraph 108.

109. Paragraph 109 states legal conclusions to which no response is required. To the extent a response is required, denies that the authority cited establishes that any claim was "unequivocally barred" and denies the remaining allegations of Paragraph 109. Hammond lacks knowledge or information sufficient to form a belief about what Martin and Givens knew and therefore denies those allegations.

110. Hammond refers to the public records of the proceedings referenced in Paragraph 110 for their content and denies any allegations or characterizations in Paragraph 110 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 110.

111. Hammond denies the allegations in Paragraph 111.

112. Hammond denies the allegations in Paragraph 112 as they relate to Hammond. The remaining allegations of Paragraph 112 are directed to Martin and

Givens; to the extent a response is required, Hammond lacks knowledge or information sufficient to form a belief about them and therefore denies them.

113. Paragraph 113 concerns the deposition testimony and alleged admissions of Martin. Hammond refers to the deposition testimony referenced in Paragraph 113 for its content and denies any allegations or characterizations in Paragraph 113 about Martin's testimony. Hammond lacks knowledge or information sufficient to form a belief about that testimony or Martin's state of mind and therefore denies the allegations of Paragraph 113 as to Martin. Hammond denies the remaining allegations of Paragraph 113.

114. Hammond denies the allegations of Paragraph 114.

115. Paragraph 115 concerns Martin's deposition testimony and Martin's conduct. Hammond refers to the deposition testimony referenced in Paragraph 115 for its content and denies any allegations or characterizations about the content of the deposition in Paragraph 115 inconsistent with Martin's testimony. Hammond denies that the remaining allegations in Paragraph 115.

116. In response to the allegations of the bulleted subparagraphs, Hammond refers to the public records of the proceedings referenced in each bulleted subparagraph for their content and denies any allegations or characterizations in each bulleted subparagraph inconsistent with those records. Hammond lacks knowledge or information sufficient to form a belief about what Martin and Givens knew or learned and therefore denies those allegations. Hammond denies the remaining allegations of Paragraph 116.

117. Hammond denies the allegations in Paragraph 117 that pertain to Hammond. Hammond lacks knowledge or information sufficient to form a belief about the allegations directed at Martin and Givens and therefore denies the remaining allegations in Paragraph 117.

**Defendants Prosecuted Cases on**
**Behalf of Plaintiffs They Did Not Represent**

118. Paragraph 118 is directed to Martin and Givens and states legal conclusions; no response from Hammond is required. To the extent a response is required, Hammond denies the allegations.

119. Paragraph 119 concerns Martin's alleged testimony and the alleged dealings of Martin and Givens. Hammond refers to the deposition testimony referenced in Paragraph 119 for its content and denies any allegations or characterizations about the content of the deposition in Paragraph 119 inconsistent with Martin's testimony. Hammond denies the remaining allegations in Paragraph 119.

120. Paragraph 120 concerns alleged statements by Martin and Givens. Hammond refers to the public records of the proceedings referenced in Paragraph 120 for their content and denies any allegations or characterizations in Paragraph 120 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 120.

121. Paragraph 121 states legal conclusions and concerns the alleged representations of Martin and Givens. No response from Hammond is required. To the extent a response is required, Hammond denies the allegations.

**Defendants Caused False Statements to be Made and Communicated to 3M in Discovery**

122. Hammond denies the allegations of Paragraph 122.

123. Paragraph 123 states legal conclusions and characterizations to which no response is required. To the extent a response is required, Hammond denies the allegations in Paragraph 123.

124. Hammond denies the allegations in Paragraph 124.

125. Hammond refers to the public records of the proceedings referenced in Paragraph 125 for their content and denies any allegations or characterizations in Paragraph 125 inconsistent with those records. Hammond denies the remaining allegations.

126. Hammond lacks knowledge or information sufficient to form a belief about the allegations directed at Martin and Givens and therefore denies those allegations. Hammond denies the remaining allegations of Paragraph 126.

127. Hammond refers to the records of the proceedings referenced in Paragraph 127 and the bulleted subparagraphs for their content and denies any allegations or characterizations in Paragraph 127 and the bulleted subparagraphs inconsistent with those records. Hammond denies the remaining allegations.

128. Hammond denies the allegations of Paragraph 128.

129. Hammond refers to the records of the proceedings and testimony referenced in Paragraph 129 for their content and denies any allegations or characterizations in Paragraph 129 inconsistent with those records or testimony. Hammond lacks knowledge or information sufficient to form a belief about the

allegations in Paragraph 129 concerning Martin and therefore denies them. Hammon denies the remaining allegations of Paragraph 129.

130. Paragraph 130 concerns allegations of conduct by Martin and Givens. Hammond lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 130 concerning Martin and Givens and therefore denies them. Hammond further refers to the records of the proceedings and testimony referenced in Paragraph 130 for their content and denies any allegations or characterizations in Paragraph 130 inconsistent with those records and testimony.

**Defendants Attempted to Settle Large Batches of Cases**

131. Hammond denies the allegations of Paragraph 131.

132. Hammond refers to the public records of the proceedings referenced in Paragraph 132 for their content and denies any allegations or characterizations in Paragraph 132 inconsistent with those records. Hammond lacks knowledge or information sufficient to form a belief about the conduct of Martin or his employee and therefore denies those allegations. Hammond denies the remaining allegations in Paragraph 132.

133. Paragraph 133 concerns the testimony of Martin. Hammond lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 133 and therefore denies them. Hammond further refers to the testimony referenced in Paragraph 133 for its content and denies any allegations or characterizations about the content of the deposition in Paragraph 133 inconsistent with the testimony. Hammond denies the remaining allegations in Paragraph 133.

134. Paragraph 134 concerns the testimony of Martin about a different inventory of cases prosecuted with an attorney other than Hammond. Hammond lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 134 and therefore denies them.

**Defendants' Affirmative Steps to Conceal the Scheme**

135. Hammond refers to the public records of the proceedings referenced in Paragraph 132 and the bulleted subparagraphs for their content and denies any allegations or characterizations in Paragraph 132 and the bulleted subparagraphs inconsistent with those records. Hammond lacks knowledge or information sufficient to form a belief about communications in which he was not involved, about what any other person intended, or about how much money 3M spent, and therefore denies those allegations. Hammond denies the remaining allegations of Paragraph 135.

136. Hammond denies the allegations in Paragraph 136 as they pertain to him. Hammond lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 136 and the bulleted subparagraphs concerning communications by Martin and Givens therefore denies them. Hammond refers to the public records of the proceedings referenced in Paragraph 136 and the bulleted subparagraphs for their content and denies any allegations or characterizations in Paragraph 136 and the bulleted subparagraphs inconsistent with those records.

137. Hammond lacks knowledge or information sufficient to form a belief about the alleged communications of Givens and Martin and therefore denies those allegations. Hammond refers to the records of the proceedings referenced in

Paragraph 137 and the bulleted subparagraphs for their content and denies any allegations or characterizations in Paragraph 137 and the bulleted subparagraphs inconsistent with those records. Hammond denies the remaining allegations.

138. Hammond refers to the records of the proceedings referenced in Paragraph 138 for their content and denies any allegations or characterizations in Paragraph 138 inconsistent with those records. Hammond denies the remaining allegations.

139. Hammond refers to the public records of the proceedings referenced in Paragraph 139 for their content and denies any allegations or characterizations in Paragraph 139 inconsistent with those records. Hammond denies the remaining allegations.

140. Hammond refers to the public records of the proceedings referenced in Paragraph 140 for their content and denies any allegations or characterizations in Paragraph 140 inconsistent with those records. Hammond admits that on or about June 14, 2021, an affidavit of Hammond was filed in response to 3M's motion for summary judgment in Individual 74's case and refers to that affidavit for its contents. Hammond lacks knowledge or information sufficient to form a belief directed at Martin and Givens and therefore denies those allegations. Hammond denies the remaining allegations in Paragraph 140.

141. Hammond refers to the records of the proceedings referenced in Paragraph 141 for their content and denies any allegations or characterizations in

Paragraph 141 inconsistent with those records. Hammond denies the remaining allegations in Paragraph 141.

142. Hammond refers to the records of the proceedings referenced in Paragraph 141 for their content and denies any allegations or characterizations in Paragraph 141 inconsistent with those records. Hammond denies the remaining allegations of Paragraph 142.

143. Hammond refers to the testimony referenced in Paragraph 143 for its content and denies any allegations or characterizations about the content of the testimony in Paragraph 143 inconsistent with the testimony. Hammond the remaining allegations.

144. Hammond refers to the records and testimony referenced in Paragraph 144 for their content and denies any allegations or characterizations in Paragraph 144 inconsistent with the records and testimony. Hammond denies the remaining allegations of Paragraph 144.

145. Hammond refers to the records referenced in Paragraph 145 for their content and denies any allegations or characterizations about the content of the records in Paragraph 145 inconsistent with the records. Hammond disputes the findings concerning his affidavit and denies the remaining allegations of Paragraph 145.

146. Paragraph 146 concerns statements by Martin. To the extent a response is required, Hammond lacks knowledge or information sufficient to form a belief about the allegations concerning Martin in Paragraph 146 and therefore denies them

and refers to the cited hearing transcript for its contents. Hammond refers to the records referenced in Paragraph 146 for their content and denies any allegations or characterizations in Paragraph 146 inconsistent with the records. Hammond denies the remaining allegations.

147. The allegations in Paragraph 147 concern a case in West Virginia prosecuted by Martin and Givens. Hammond lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 147 and therefore denies them.

148. Hammond denies the allegations in Paragraph 148.

**Martin's Text Messages**

149. Hammond refers to the records referenced in Paragraph 149 for their content and denies any allegations or characterizations in Paragraph 149 inconsistent with the records. Hammond lacks knowledge or information sufficient to form a belief about the alleged text message sent by Martin to 3M's outside lawyers, its circumstances, Martin's intent, or the other matters alleged concerning Martin and Givens, and therefore denies those allegations in Paragraph 149. Hammond denies the remaining allegations of Paragraph 149.

150. Hammond refers to the records referenced in Paragraph 150 for their content and denies any allegations or characterizations in Paragraph 150 inconsistent with the records. Hammond denies any truth in the alleged statements made by Martin and denies the remaining allegations of Paragraph 150.

151. Hammond refers to the testimony referenced in Paragraph 151 for its content and denies any allegations or characterizations about the content in Paragraph 151 inconsistent with the testimony. Hammond denies any truth in the alleged statements made by Martin and denies the remaining allegations.

152. Paragraph 152 concerns Martin's alleged testimony in an unrelated matter. Hammond lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 152 and therefore denies them. The rules governing an attorney's ethical responsibilities speak for themselves.

153. Paragraph 153 states legal conclusions and concerns the alleged conduct of Martin. Hammond lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 153 and therefore denies them. Hammond denies the remaining allegations.

**The January 2023 Dismissal Motions**

154. Hammond refers to the records referenced in Paragraph 154 and the bulleted subparagraphs for their content and denies any allegations or characterizations in Paragraph 154 and the bulleted subparagraphs inconsistent with the records. Hammond denies the remaining allegations of Paragraph 154.

155. Hammond refers to the public records referenced in Paragraph 155 for their content and denies any allegations or characterizations in Paragraph 155 inconsistent with the records.

156. Hammond refers to the records referenced in Paragraph 156 for their content and denies any allegations or characterizations in Paragraph 156

inconsistent with the records. Hammond denies the remaining allegations of Paragraph 156.

157. Hammond refers to the testimony referenced in Paragraph 157 for its content and denies any allegations or characterizations about the content of the testimony in Paragraph 157 inconsistent with the testimony. Hammond denies the remaining allegations.

158. Hammond refers to the records referenced in Paragraph 158 for their content and denies any allegations or characterizations in Paragraph 158 inconsistent with the records. Hammond lacks knowledge or information sufficient to form a belief about the allegations concerning 3M's state of mind in Paragraph 159 and therefore denies them. Hammond denies the remaining allegations of Paragraph 158.

159. Hammond refers to the records referenced in Paragraph 159 for their content and denies any allegations or characterizations in Paragraph 159 inconsistent with the records. Hammond denies that the alleged statement of Givens reflected the intentions of Hammond.

160. Hammond refers to the records referenced in Paragraph 160 for their content and denies any allegations or characterizations in Paragraph 160 inconsistent with the records. Hammond denies the remaining allegations of Paragraph 160.

161. Hammond denies the allegations in Paragraph 161.

162. Hammond denies the allegations in Paragraph 162.

**Martin's and Givens's Motions to Stay and Motions to Withdraw**

163. Hammond refers to the records referenced in Paragraph 163 for their content and denies any allegations or characterizations in Paragraph 163 inconsistent with the records. Hammond denies the remaining allegations.

164. Hammond refers to the records referenced in Paragraph 164 and the bulleted subparagraphs for their content and denies any allegations or characterizations in Paragraph 164 and the bulleted subparagraphs inconsistent with the records. Hammond denies the remaining allegations.

165. The allegations in Paragraph 165 are asserted against Martin and Givens, not Hammond. To the extent a response is required, Hammond refers to the records referenced in Paragraph 165 for their content and denies any allegations or characterizations in Paragraph 165 inconsistent with the records. Hammond denies the remaining allegations.

166. Hammond refers to the records referenced in Paragraph 166 for their content and denies any allegations or characterizations in Paragraph 166 inconsistent with the records. Hammond lacks knowledge or information sufficient to form a belief about the allegations directed at Martin and Givens and therefore denies those allegations. Hammond denies the remaining allegations.

167. Hammond refers to the records referenced in Paragraph 167 for their content and denies any allegations or characterizations in Paragraph 167 inconsistent with the records. Hammond denies the remaining allegations.

168. Hammond denies the allegations in Paragraph 168.

169. Hammond denies the allegations in Paragraph 169.

170. Hammond denies the allegations in Paragraph 170.

171. Hammond denies the allegations in Paragraph 171.

172. Hammond refers to the testimony and the record of the court proceeding referenced in Paragraph 172 for its content and denies any allegations or characterizations about the content in Paragraph 172 inconsistent with the testimony or court proceeding.

173. Hammond refers to the testimony referenced in Paragraph 173 for its content and denies any allegations or characterizations about the content in Paragraph 173 inconsistent with the testimony. Hammond lacks knowledge or information sufficient to form a belief about allegations directed at Martin and therefore denies those allegations. Hammond denies the remaining allegations of Paragraph 173.

174. Hammond denies the allegations in Paragraph 174.

175. Paragraph 175 concerns alleged conduct of and statements made by Martin and Givens. Hammond lacks knowledge or information sufficient to form a belief about the allegations relating to Martin and Givens in Paragraph 175 and therefore denies them. Hammond refers to the records referenced in Paragraph 175 for their content and denies any allegations or characterizations in Paragraph 175 inconsistent with those records. Hammond denies the remaining allegations in Paragraph 175.

176. Hammond refers to the records referenced in Paragraph 176 for their content and denies any allegations or characterizations in Paragraph 176 inconsistent with those records. Hammond denies the remaining allegations.

177. Hammond denies the allegations in Paragraph 177.

178. Hammond lacks knowledge or information sufficient to form a belief about what Martin and Givens thought or did and therefore denies those allegations. Hammond denies the remaining allegations of Paragraph 178.

179. Hammond refers to the records referenced in Paragraph 179 for their content and denies any allegations or characterizations in Paragraph 179 inconsistent with those records. Hammond denies the remaining allegations.

180. Hammond refers to the records referenced in Paragraph 180 for their content and denies any allegations or characterizations in Paragraph 180 inconsistent with those records. Hammond lacks knowledge or information sufficient to form a belief about the motives of Martin and Givens and therefore denies those allegations. Hammond denies the remaining allegations.

181. Hammond refers to the records referenced in Paragraph 181 for their content and denies any allegations or characterizations in Paragraph 181 inconsistent with those records. Hammond lacks knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 181 and therefore denies them.

182. Hammond refers to the records referenced in Paragraph 182 for their content and denies any allegations or characterizations in Paragraph 182 inconsistent with those records.

183. Hammond refers to the records referenced in Paragraph 183 for their content and denies any allegations or characterizations in Paragraph 183 inconsistent with those records. Hammond lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 183 directed at Martin and Givens and therefore denies them. Hammond denies the remaining allegations.

184. Hammond refers to the records referenced in Paragraph 184 and the bulleted subparagraphs for their content and denies any allegations or characterizations in Paragraph 184 and the bulleted subparagraphs inconsistent with those records. Hammond denies the remaining allegations.

185. Hammond refers to the records referenced in Paragraph 185 and the bulleted subparagraphs for their content and denies any allegations or characterizations in Paragraph 185 and the bulleted subparagraphs inconsistent with those records. Hammond denies the remaining allegations.

186. Hammond refers to the records referenced in Paragraph 186 for their content and denies any allegations or characterizations in Paragraph 186 inconsistent with those records. Hammond denies that he "hired" Martin and Givens. Hammond lacks knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 186 concerning Martin and Givens and therefore denies them.

187. Hammond refers to the records referenced in Paragraph 187 for their content and denies any allegations or characterizations in Paragraph 187 inconsistent with those records. Paragraph 187 concerns the representations of Martin and Givens. Hammond lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 187 and therefore denies them. Hammond denies the remaining allegations.

**Hammond's File Storage and Subsequent Filings**

188. Hammond denies the allegations in Paragraph 188.

189. Hammond admits that he kept paper client files related to several matters in a storage unit in Pikeville, Kentucky. Hammond denies the remaining allegations of Paragraph 189.

190. Hammond refers to the preservation letter referenced in Paragraph 190 for its content and denies any allegations or characterizations in Paragraph 190 inconsistent with those records. Hammond denies the remaining allegations in Paragraph 190.

191. Hammond denies the allegations in Paragraph 191.

192. Hammond refers to the records referenced in Paragraph 192 for their content and denies any allegations or characterizations in Paragraph 192 inconsistent with those records. Hammond denies 3M's characterization of the referenced motion and denies the remaining allegations of Paragraph 192.

193. Hammond refers to the records referenced in Paragraph 193 for their content and denies any allegations or characterizations in Paragraph 193

inconsistent with those records. Hammond denies 3M's characterization of the referenced notice of appeal and 3M's alleged purpose for filing it. Hammond denies the remaining allegations of Paragraph 193.

194. Hammond refers to the records referenced in Paragraph 194 for their content and denies any allegations or characterizations in Paragraph 194 inconsistent with those records. Hammond denies the remaining allegations.

195. Hammond refers to the records referenced in Paragraph 194 for their content and denies any allegations or characterizations in Paragraph 194 inconsistent with those records. Hammond denies the remaining allegations.

**Predicate Acts: Mail and Wire Fraud**

196. Hammond denies the allegations in Paragraph 196.

197. Hammond denies the allegations in Paragraph 197.

198. Paragraph 198 states legal conclusions to which no response is required. To the extent a response is required, Hammond denies the allegations in Paragraph 199.

199. Hammond denies the allegations in Paragraph 199.

**Predicate Acts: Obstruction of Justice**

200. Hammond denies the allegations in Paragraph 200.

201. Hammond denies the allegations in Paragraph 201.

202. Hammond denies the allegations in Paragraph 202.

**Pattern of Racketeering Activity**

203. Hammond denies the allegations in Paragraph 203.

204. Hammond denies the allegations in Paragraph 204.

**Harm to 3M**

205. Hammond lacks knowledge or information sufficient to form a belief about the amounts 3M has spent, or the purposes for which it has spent them, and therefore denies those allegations. Hammond denies that 3M was harmed by any unlawful act of his. Hammond denies the remaining allegations in Paragraph 205.

**Count I: Civil RICO — Violation of 18 U.S.C. § 1962(c)**

206. Hammond incorporates his responses to Paragraphs 1 through 205 as if fully set forth herein.

207. Hammond admits that he worked with other counsel in representing clients in claims against 3M. Hammond denies the remaining allegations in Paragraph 207.

208. Paragraph 208 states legal conclusions to which no response is required. To the extent a response is required, Hammond denies that any enterprise existed or that any activity of any enterprise affected interstate commerce.

209. Hammond denies the allegations in Paragraph 209.

210. Hammond denies the allegations in Paragraph 210.

211. Hammond denies the allegations in Paragraph 211.

212. Hammond denies the allegations in Paragraph 212.

213. Paragraph 213 states legal conclusions to which no response is required. To the extent a response is required, Hammond denies the allegations in Paragraph 213.

214. Hammond denies the allegations in Paragraph 214.

215. Paragraph 215 states legal conclusions to which no response is required. To the extent a response is required, Hammond denies the allegations in Paragraph 215.

216. Hammond denies the allegations in Paragraph 216.

**Count II: Civil RICO Conspiracy — Violation of 18 U.S.C. § 1962(d)**

217. Hammond incorporates his responses to Paragraphs 1 through 216 as if fully set forth herein.

218. Hammond denies the allegations in Paragraph 218.

**Count III: Fraud (Kentucky Common Law) and Count IV: Civil Conspiracy (Kentucky Common Law)**

219–228. Paragraphs 219 through 228 are directed to Count III (Kentucky common-law fraud) and Count IV (Kentucky common-law civil conspiracy). By its Opinion & Order of September 30, 2026 (DN 99 at 28–31), the Court dismissed both counts. No response to Paragraphs 219 through 228 is required. To the extent a response is deemed required, Hammond denies each allegation of Paragraphs 219 through 228.

## RESPONSE TO REQUESTED RELIEF

Hammond denies that 3M is entitled to any of the relief requested in the unnumbered paragraph that begins "Wherefore, 3M respectfully requests" and in its numbered subparagraphs 1 through 7, or to any relief at all against Hammond. Hammond specifically denies that 3M is entitled to compensatory damages, to "ill-

gotten gains," to punitive damages, to treble damages, to attorneys' fees and costs, or to injunctive relief.

## GENERAL DENIAL

Hammond denies every allegation of the Amended Complaint, including any allegation contained in a heading, subheading, footnote, image, or unnumbered paragraph, that is not expressly and specifically admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, persuasion, or production that he would not otherwise bear, and without conceding that any of the following is an affirmative defense rather than a denial of an element of 3M's claims, Hammond asserts the following defenses to the allegations in 3M's Amended Complaint. Each defense is asserted in the alternative, and each incorporates the responses above.

### FIRST DEFENSE

***Failure to State a Claim***

The Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Hammond. Fed. R. Civ. P. 12(b)(6), 12(h)(2). Hammond preserves, and incorporates by reference, each argument in his Motion to Dismiss (DN 64).

## SECOND DEFENSE

### *Statute of Limitations*

3M's claims are barred, in whole or in part, by the limitations period applicable to civil RICO claims.

## THIRD DEFENSE

### *No Proximate Cause; No Injury "By Reason Of" Any Violation*

3M was not injured "by reason of" any violation of 18 U.S.C. § 1962 by Hammond. 3M's alleged injuries were not proximately caused by any act of Hammond; they resulted from 3M's own independent decisions about how to defend the underlying cases and from the acts of third parties, including clients, courts, and co-counsel, over whom Hammond had no control. 3M contested the challenged claims at every stage and did not rely on, and was not deceived by, the allegations it now characterizes as false.

## FOURTH DEFENSE

### *Damages Not Recoverable or Speculative*

3M may not recover, in whole or in part: (a) fees and costs it would have incurred in defending the underlying claims regardless of any alleged misconduct; (b) fees, costs, or expenses that have been or may be recovered through sanctions, costs awards, or other relief in the underlying actions, including any recovery sought through the Rule 11 and discovery proceedings described in Paragraph 192; (c) damages for reputational harm or any other harm that is not injury to "business or property" within the meaning of 18 U.S.C. § 1964(c); or (d) speculative or future costs.

**FIFTH DEFENSE**

***Failure to Mitigate***

3M failed to mitigate its alleged damages. 3M had and failed to use remedies in the underlying actions which could have limited or avoided the costs it seeks to recover.

**SIXTH DEFENSE**

***Noerr-Pennington Doctrine and the First Amendment Right to Petition***

3M's claims are barred, in whole or in part, by the Noerr-Pennington doctrine and the Petition Clause of the First Amendment.

**SEVENTH DEFENSE**

***Litigation Conduct Is Not Racketeering Activity; No Scheme to Defraud***

3M alleges litigation conduct and professional-responsibility matters that are not "racketeering activity" within the meaning of 18 U.S.C. § 1961(1).

**EIGHTH DEFENSE**

***Good Faith; Lack of Scienter***

Hammond acted at all times in good faith, without intent to defraud, and with a reasonable belief that the claims he filed and prosecuted had a good-faith basis in fact and law, in reliance on information provided by his clients and on the work of co-counsel. Hammond lacked the specific intent to defraud and did not act with recklessness as to any false or misleading information that mail and wire fraud require.

### NINTH DEFENSE

***Relief Not Available Under 18 U.S.C. § 1964(c)***

3M is not entitled to the relief it seeks to the extent that relief is not available under 18 U.S.C. § 1964(c) or other applicable law, including: (a) punitive damages, which are not recoverable under civil RICO; (b) disgorgement of "ill-gotten gains" and injunctive relief, which are not available to a private civil RICO plaintiff and as to which 3M has an adequate remedy at law; (c) treble damages in excess of three times damages that 3M proves by reason of a violation by Hammond; and (d) attorneys' fees and costs unless 3M prevails on a claim under 18 U.S.C. § 1962.

### TENTH DEFENSE

***Counts III and IV — Defenses Preserved***

Counts III and IV have been dismissed (DN 99 at 28–31). Should either count be reinstated, amended, or revived, Hammond asserts and preserves each defense available to it.

### ELEVENTH DEFENSE

***Release, Waiver, Estoppel, Accord and Satisfaction***

To the extent 3M has settled, released, or waived any claim or any right to recover costs in the underlying actions, or has been paid or credited in satisfaction of any such claim, its claims against Hammond are barred or reduced by release, waiver, estoppel, and accord and satisfaction.

### TWELTH DEFENSE

***Younger abstention doctrine***

3M's claims are barred, in whole or in part, by the *Younger* abstention doctrine. To the extent 3M seeks relief that would interfere with, enjoin, restrain, invalidate, or otherwise disrupt ongoing state judicial, quasi-judicial, or administrative proceedings involving the same subject matter, this Court should abstain from exercising jurisdiction.

**THIRTEENTH DEFENSE**

***Judicial Statements Privilege***

3M's claims are barred, in whole or in part, by the judicial statements privilege. The communications that 3M alleges in support of its claims are absolutely privileged and cannot serve as the basis for liability.

**FOURTEENTH DEFENSE**

***Waiver***

To the extent 3M knowingly agreed to, encouraged, or accepted a particular dismissal procedure, and thereby intentionally relinquished any right inconsistent with that procedure, Hammond asserts waiver and consent with respect to such right.

**RESERVATION OF RIGHTS**

Hammond has not knowingly or intentionally waived any applicable defense. Discovery has not yet begun, and Hammond reserves the right to assert additional defenses, counterclaims, cross-claims, and third-party claims as they become known,

and to amend this Answer in accordance with Fed. R. Civ. P. 15 and any scheduling order. Hammond also reserves his right to seek judgment on the pleadings under Fed. R. Civ. P. 12(c) and to move for summary judgment.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Hammond demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Glenn M. Hammond respectfully requests that the Court (a) dismiss Counts I and II of the Amended Complaint with prejudice and enter judgment in his favor; (b) deny all relief requested by 3M against him; (c) award him his costs as permitted by law; (d) be granted permission to file an Amended Answer following discovery and (e) grant him all other relief to which he is entitled.

Respectfully submitted,

/s/ *Stephen J. Mattingly*
R. Kenyon Meyer
Stephen J. Mattingly
Juels M. White
DINSMORE & SHOHL LLP
101 S. Fifth Street, Suite 2500
Louisville, Kentucky 40202
Telephone: (502) 540-2300
Facsimile: (502) 540-2529
kenyon.meyer@dinsmore.com
stephen.mattingly@dinsmore.com
juels.white@dinsmore.com

AND

Richard D. Porotsky
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: (513) 977-8200
richard.porotsky@dinsmore.com

*Counsel for Defendant Glenn M. Hammond*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2026, I served a copy of the foregoing via email to the following:

Matthew R. Palmer-Ball
BRICKER GRAYDON WYATT LLP
400 W. Market Street, Suite 2000
Louisville, KY 40202
Phone: (502) 562-7141
Fax: (502) 589-0309
mpalmerball@bricker.com

David L. Miller
Diane F. Burgess
MILLER, SCAMARDI, CARRABBA & BURGESS, P.C.

6525 Washington Avenue
Houston, Texas 77007
TEL: (713) 861-3595
FAX: (713) 861-3596
E-SERVICE: e-service@msc-lawyer.com

*Counsel for Michael B. Martin*

Brittany R. Wolf-Freedman
601 Poydras Street, Suite 2355
New Orleans, Louisiana 70130
Telephone: (504) 522-2304
Facsimile: (504) 528-9973
E-mail: bwolf@gainsben.com

Walter C. Morrison, IV
240 Trace Colony Park Drive, Suite 100
Ridgeland, Mississippi 39157
Telephone: (601) 933-2054
Facsimile: (504) 528-9973
E-mail: wmorrison@gainsben.com

Judd R. Uhl
Lewis Brisbois Bisgaard & Smith LLP
3499 Blazer Parkway, Suite 330
Lexington, KY 40509
Telephone: (513) 808-9913
Facsimile: (513) 808-9912
Email: judd.uhl@lewisbrisbois.com
*Attorneys for Defendant, John Givens*

Benjamin C. Fultz
Gregory Scott Gowen
Robert E. Ranney
101 S. Fifth Street, 27th Floor
Louisville, Kentucky 40202-3116
Tel.: (502) 588-2000
BFultz@FMDLegal.com
SGowen@FMDLegal.com
RRanney@FMDLegal.com

Steve Grimes
Sharon Desh
Whitney I. Adams

WINSTON TAYLOR LLP
300 North La Salle Drive
Chicago, Illinois 60654
Tel.: (312) 558-5600
Fax: (312) 558-5700
Steve.Grimes@WinstonTaylor.com
Sharon.Desh@WinstonTaylor.com
Whitney.Adams@WinstonTaylor.com

*Attorneys for Plaintiff 3M Company*

/s/ *Stephen J. Mattingly*
*Counsel for Defendant Glenn M. Hammond*