**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**

**3M COMPANY,**

**Plaintiff**

**VS.**

**Civil Action No: 6:26-cv-00034-REW-MAS**

**GLENN M. HAMMOND,**
**MICHAEL B. MARTIN, and**
**JOHN (a.k.a. "JOHNNY") GIVENS**

**Defendants**

---

**DEFENDANT'S, JOHN ("JOHNNY") GIVENS, ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

---

Defendant John ("Johnny") Givens (hereafter, "Defendant" or "Givens"""), by and through undersigned counsel, answers the First Amended Complaint (the "Amended Complaint") of Plaintiff 3M Company ("3M") as follows. By Opinion & Order entered September 30, 2026 (DE 99), the Court dismissed 3M's Kentucky common-law claims for fraud (Count III) and civil conspiracy (Count IV) as to all Defendants, leaving only 3M's civil RICO claim under 18 U.S.C. § 1962(c) (Count I) and civil RICO conspiracy claim under 18 U.S.C. § 1962(d) (Count II).

Except as expressly admitted below, Givens denies each and every allegation of the Amended Complaint. Allegations directed solely at co-defendants Glenn M. Hammond ("Hammond") or Michael B. Martin ("Martin"), whom Givens does not represent, are not directed at Givens; as to those allegations, Givens lacks knowledge or information sufficient to form a belief about their truth. Any heading, section title, or footnote in the Amended Complaint is not a factual allegation and requires no response; to the extent any such heading is deemed an allegation, Givens denies it.

**RESPONSES TO THE COMPLAINT'S ALLEGATIONS**

The numbered paragraphs below correspond to the numbered paragraphs of the Amended Complaint. Headings in the Amended Complaint are not allegations and require no response; to the extent any heading is deemed an allegation, Givens denies it.

1. Denied.

2. Givens denies the allegations of paragraph 2 insofar as they are directed at or concern him. Givens further denies the allegations of paragraph 2 for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning the text message attributed to Martin and concerning Hammond and Martin.

3. Denied.

4. Givens admits that Defendants filed numerous product-liability ("dust mask") claims against 3M in Kentucky courts over time and that the claims numbered in excess of 850. Givens denies the remaining allegations of paragraph 4, including the allegations that the timing was "intentional" or "designed to exert maximum pressure," that any claims were fraudulent, and that Givens filed or joined any claim he knew to be fraudulent. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Hammond's intentions.

5. Givens admits that, over the relevant period, 22 complaints were filed against 3M in six eastern Kentucky counties. Givens denies the remaining allegations of paragraph 5, including the allegations of a "shell game," of dismissing cases to prevent discovery of any "scheme," of lying to clients, and of "stashing evidence." Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Hammond's handling of case files.

6. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning 3M's expenditures. Givens specifically denies that any conduct of his caused 3M to incur any cost or injury, and denies the remaining allegations of paragraph 6.

7. Givens admits that he and the other Defendants collectively brought over 850 dust mask claims against 3M in Kentucky state courts. He otherwise denies the allegations of paragraph 7 insofar as they are directed at or concern him. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants.

8. Denied.

9. Denied.

10. Denied.

11. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 11.

12. Givens admits that on March 9, 2023, Judge Howard Keith Hall issued a ruling in the Pike County Circuit Court that stated Hammond was found to have made a materially false statement to that court. The remaining allegations in this paragraph are denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning findings or rulings as to Hammond. Givens denies that he admitted, or that there was, any "scheme" or "fraud," and expressly denies paragraph 12 insofar as it concerns him.

13. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 13.

14. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 14.

15. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 15.

16. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 16.

17. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 17.

18. Givens admits that he is an attorney who resides and practices in Mississippi, that he formed Givens Law Firm, PLLC in July 2019, and that he was admitted to the Kentucky bar in 2020. Givens admits that his firm's website describes a focus on representing coal miners with respiratory-injury claims. Givens denies the remaining allegations of paragraph 18 and any implication of wrongdoing.

19. Givens denies that he has any "history of misconduct" or has pursued "bogus claims." Givens admits only that, in 2018, claims were filed against 3M and others in a Louisiana state court and that the court entered a ruling concerning venue. Givens denies the remaining allegations of paragraph 19, including specifically the characterization of any affidavit as "false" or "sham."

20. The allegations of paragraph 20 constitute legal conclusions, to which no response is required. Nevertheless, to the extent a response is deemed required, Givens admits that he and the other Defendants are "persons" within the meaning of 18 U.S.C. § 1961(3).

21. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 21.

22. The allegations of paragraph 22 constitute legal conclusions, to which no response is required. Nevertheless, to the extent a response is deemed required, Givens admits that this Court

has subject-matter jurisdiction over 3M's federal RICO claims under 28 U.S.C. § 1331. However, Givens denies that 3M has stated any valid federal claim.

23. The allegations of paragraph 23 constitute legal conclusions, to which no response is required. Nevertheless, to the extent a response is deemed required, Givens admits that this Court has subject-matter jurisdiction over 3M's federal RICO claims under 28 U.S.C. § 1332. However, Givens denies that 3M has stated any valid federal claim.

24. Givens avers that the common-law claims referenced in paragraph 24 have been dismissed, mooting any question of supplemental jurisdiction over them. To the extent a response is required, Givens denies the allegations of paragraph 24.

25. Givens does not contest the Court's exercise of personal jurisdiction over him for purposes of this action. Givens denies that he committed any act causing injury to 3M, and denies the remaining allegations of paragraph 25. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants.

26. Givens admits that coal workers in eastern Kentucky have experienced coal workers' pneumoconiosis, commonly known as black lung disease. Givens lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 26.

27. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 27.

28. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 28, and denies any implication that claims brought against 3M lack merit.

29. Givens denies the allegations of paragraph 29, and further lacks knowledge or information sufficient to form a belief about the truth of the cited survey data.

30. Givens denies the characterization of dust-mask cases as lacking evidentiary support, and lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning suits filed by others.

31. Givens denies the characterization in paragraph 31, and lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning when other coal workers discovered their diagnoses.

32. Denied.

33. Denied.

34. Givens admits that Defendants filed numerous dust-mask complaints against 3M in Kentucky courts, including at least 22 complaints, and that Givens appeared in certain of those actions. Givens specifically denies the remaining allegations of paragraph 34, including the "enterprise," "nearly identical," and scheme characterizations.

35. Givens denies the allegations of paragraph 35 insofar as they concern him. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the cited correspondence and the other Defendants.

36. Givens admits that filings in the Kentucky actions bore the signatures of counsel of record. Givens specifically denies the remaining allegations of paragraph 36, including the "enterprise" characterization.

37. Denied.

38. Givens admits that he and Martin entered into a joint-venture arrangement concerning certain dust-mask claims referred by Hammond. Givens specifically denies the remaining allegations of paragraph 38, including the "enterprise" characterization and any suggestion that the inventory of claims included claims known to be fraudulent. Givens lacks

knowledge or information sufficient to form a belief about the truth of the allegations concerning the Hammond-Martin referral agreement.

39. Givens admits that a division of fees was agreed among counsel. Givens denies that any client was not informed of or did not consent to the arrangement and denies any violation of the Rules of Professional Conduct. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the specific Hammond-Martin fee split.

40. Givens admits that he at times traveled to Kentucky in connection with the representation. Givens specifically denies the "in furtherance of the scheme" characterization. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Hammond's travel.

41. Givens denies the allegations of paragraph 41 insofar as they concern him. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants.

42. Denied.

43. Givens admits that the representation involved attorneys and parties located in Kentucky, Texas, and Mississippi and claims against a Minnesota-based company. Givens specifically denies the remaining allegations of paragraph 43, including the "enterprise" and racketeering characterizations.

44. Givens admits that Defendants filed numerous dust-mask claims against 3M. Givens denies the remaining allegations of paragraph 44.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 61.

62. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 62.

63. Givens denies the allegations of paragraph 63 insofar as they concern him. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants.

64. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 64.

65. Givens denies that he was aware of any "disqualifying information" or of any improper intake process. Givens denies that he received any intake information from Hammond via electronic transfer or email. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Hammond's intake practices.

66. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 66.

67. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 67.

68. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 68.

69. Givens admits that, between March 2020 and February 2023, 22 complaints were filed against 3M on behalf of more than 850 coal workers or their estates in six eastern Kentucky counties, and that Givens joined certain of those complaints. Givens denies that he joined and litigated any complaint knowing, or with reckless disregard for the fact, that it included fraudulent claims, and denies the remaining allegations of paragraph 69. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Hammond's drafting of the complaints.

70. Givens admits that complaint No. 20-CI-382 (*Randy Adams, et al. v. 3M Company, et al.*) was filed on or about March 17, 2020; that Martin filed a notice of appearance and an amended complaint on or about May 19, 2020; and that Givens moved for and was granted admission *pro hac vice* on or about August 19, 2020 to appear in that action. Givens denies the "Enterprise Complaint" characterization and any allegation that the complaint contained knowingly fraudulent claims and denies the remaining allegations of paragraph 70.

71. Givens admits that complaint No. 21-CI-322 (*Brian Adams, et al. v. 3M Company, et al.*) was filed on or about April 14, 2021 and that Givens filed a notice of appearance on or about December 16, 2021. Givens denies the "Enterprise Complaint" characterization and any allegation of fraud, and denies the remaining allegations of paragraph 71.

72. Givens admits that complaint No. 21-CI-646 (*Kenneth Hamilton, et al. v. 3M Company, et al.*) was filed on or about August 3, 2021 and that Givens filed a notice of appearance on or about December 16, 2021. Givens denies the "Enterprise Complaint" characterization and any allegation of fraud, and denies the remaining allegations of paragraph 72.

73. Givens admits that complaint No. 21-CI-807 (*Charles Mounts, et al. v. 3M Company, et al.*) was filed on or about September 29, 2021 and that Givens filed a notice of appearance on or about December 16, 2021. Givens denies the "Enterprise Complaint" characterization and any allegation of fraud, and denies the remaining allegations of paragraph 73.

74. Givens admits that complaint No. 21-CI-197 (*Barm Combs, et al. v. 3M Company, et al.*) was filed in Knott County on or about September 29, 2021 and that Givens filed a notice of appearance on or about December 16, 2021. Givens denies the "Enterprise Complaint" characterization and any allegation of fraud and denies the remaining allegations of paragraph 74.

75. Givens admits that complaint No. 21-CI-204 (*Jamie Banks, et al. v. 3M Company, et al.*) was filed in Letcher County on or about September 29, 2021 and that Givens filed a notice of appearance on or about December 16, 2021. Givens denies the "Enterprise Complaint" characterization and any allegation of fraud and denies the remaining allegations of paragraph 75.

76. Givens admits that complaint No. 21-CI-522 (*Carter Yates, et al. v. 3M Company, et al.*) was filed in Floyd County on or about October 3, 2021 and that Givens filed a notice of

appearance on or about December 16, 2021. Givens denies the "Enterprise Complaint" characterization and any allegation of fraud and denies the remaining allegations of paragraph 76.

77. Givens admits that complaint No. 22-CI-223 (*Richard Stump, et al. v. 3M Company, et al.*) was filed on or about March 23, 2022. Givens denies the "Enterprise Complaint" characterization and any allegation of fraud and denies the remaining allegations of paragraph 77.

78. Givens admits that complaint No. 22-CI-71 (*Darrell Holbrook, et al. v. 3M Company, et al.*) was filed in Letcher County on or about March 23, 2022. Givens denies the "Enterprise Complaint" characterization and any allegation of fraud and denies the remaining allegations of paragraph 78.

79. Givens admits that complaint No. 22-CI-425 (*Stephen Gibson, et al. v. 3M Company, et al.*) was filed on or about May 26, 2022. Givens denies the "Enterprise Complaint" characterization and any allegation of fraud and denies the remaining allegations of paragraph 79.

80. Givens admits that complaint No. 22-CI-196 (*Bryan Bailey v. 3M Company, et al.*) was filed in Harlan County on or about June 17, 2022. Givens denies the "Enterprise Complaint" characterization and any allegation of fraud and denies the remaining allegations of paragraph 80.

81. Givens admits that complaint No. 22-CI-931 (*Ermal Wolford, et al. v. 3M Company, et al.*) was filed on or about November 10, 2022. Givens specifically denies the "Enterprise Complaint" characterization and any allegation of fraud and denies the remaining allegations of paragraph 81.

82. Givens admits that complaint No. 22-CI-165 (*Keith Harris, et al. v. 3M Company, et al.*) was filed in Martin County on or about November 16, 2022. Givens specifically denies the "Enterprise Complaint" characterization and any allegation of fraud and denies the remaining allegations of paragraph 82.

83. Givens admits that complaint No. 22-CI-252 (*Sonny Bates, et al. v. Mine Safety Appliances Company, LLC, et al.*) was filed in Letcher County on or about November 16, 2022. Givens specifically denies the "Enterprise Complaint" characterization and any allegation of fraud and denies the remaining allegations of paragraph 83.

84. Givens admits that complaint No. 22-CI-960 (*Carl Johnson, et al. v. Mine Safety Appliances Company, LLC, et al.*) was filed on or about November 22, 2022. Givens specifically denies the "Enterprise Complaint" characterization and any allegation of fraud, and denies the remaining allegations of paragraph 84.

85. Givens admits that complaint No. 22-CI-281 (*Jimmy Morris v. American Optical Corporation, et al.*) was filed in Letcher County on or about December 22, 2022. Givens specifically denies the "Enterprise Complaint" characterization and any allegation of fraud, and denies the remaining allegations of paragraph 85.

86. Givens admits that complaint No. 23-CI-1 (*Claude Mills, et al. v. 3M Company, et al.*) was filed in Martin County on or about January 2, 2023. Givens specifically denies the "Enterprise Complaint" characterization and any allegation of fraud, and denies the remaining allegations of paragraph 86.

87. Givens admits that complaint No. 23-CI-8 (*Donald Mitchell, et al. v. 3M Company, et al.*) was filed on or about January 4, 2023. Givens specifically denies the "Enterprise Complaint" characterization and any allegation of fraud, and denies the remaining allegations of paragraph 87.

88. Givens admits that complaint No. 23-CI-13 (*Randall Caudill, et al. v. 3M Company, et al.*) was filed in Harlan County on or about January 10, 2023. Givens specifically denies the "Enterprise Complaint" characterization and any allegation of fraud, and denies the remaining allegations of paragraph 88.

89. Givens admits that complaint No. 23-CI-65 (*William Lafferty, et al. v. 3M Company, et al.*) was filed in Floyd County on or about February 7, 2023. Givens specifically denies the "Enterprise Complaint" characterization and any allegation of fraud, and denies the remaining allegations of paragraph 89.

90. Givens admits that complaint No. 23-CI-36 (*Lester Tackett v. 3M Company, et al.*) was filed in Letcher County on or about February 14, 2023. Givens specifically denies the "Enterprise Complaint" characterization and any allegation of fraud, and denies the remaining allegations of paragraph 90.

91. Givens admits that complaint No. 23-CI-40 (*Jason Pratt, et al. v. 3M Company, et al.*) was filed in Knott County on or about February 17, 2023. Givens specifically denies the "Enterprise Complaint" characterization and any allegation of fraud, and denies the remaining allegations of paragraph 91.

92. Denied.

93. Givens denies the allegations of paragraph 93 insofar as they concern him. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning judicial filings or admissions attributed to the other Defendants.

94. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning medical records obtained by 3M and the referenced claimants. Givens denies paragraph 94 insofar as it concerns him.

95. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Individual 1. Givens denies paragraph 95 insofar as it concerns him.

96. Denied.

97. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning historical data and mask-sales volume. Givens denies paragraph 97 insofar as it concerns him.

98. Denied.

99. Denied.

100. Givens admits that he was included in an email concerning certain plaintiffs in the *Mounts* case who Defendants learned after the filing of their lawsuits did not wear a 3M mask. Givens specifically denies any scheme to defraud 3M.

101. Givens denies the allegations of paragraph 101 insofar as they concern him. Givens lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

102. Denied.

103. Givens denies that he knew that Hammond met with Individual 2 in July 2016 or that he knew any statements made in the Complaint were false. Givens lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

104. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Hammond and Individual 3. Givens denies that he knew any statement to be false, and denies paragraph 104 insofar as it concerns him.

105. Givens denies that he knew at the time of filing or joining any complaint that any claim was barred by the statute of limitations. Givens denies for lack of knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 105.

106. Givens denies that he used any "Active Dust Mask Client" spreadsheet to prosecute claims he knew to be time-barred, and he denies that he knew any claim was time-barred. Givens denies for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Hammond's email and files.

107. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Hammond's testimony and Martin's conduct, and denies paragraph 107 insofar as it concerns him.

108. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Martin's deposition testimony.

109. Givens denies that he knew any claim was barred at the time of filing or joining, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 109.

110. Givens denies the allegations of paragraph 110 insofar as they concern him. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants.

111. Givens specifically denies that any conduct of his proximately caused 3M to incur any cost, and lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning 3M's expenditures.

112. Denied.

113. Denied for lack of knowledge or information sufficient to form a belief about the truth of the admissions attributed to Martin, and specifically denies paragraph 113 insofar as it concerns him.

114. Givens specifically denies that he had notice of any fraudulent conduct or that he failed to fulfill any obligation. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Hammond.

115. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Martin's review and admissions, and Givens specifically denies paragraph 115 insofar as it concerns him.

116. Givens denies the allegations of paragraph 116, including each of its sub-parts, insofar as they concern him or allege that he had actual knowledge of any false representation. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern Hammond, Martin, and the referenced claimants.

117. Givens denies the allegations of paragraph 117 insofar as they concern him. Givens denies for lack of knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants.

118. Denied.

119. Givens denies that he never represented or had authority to act for the plaintiffs he appeared for. Givens lacks knowledge or information sufficient to form a belief about the truth of the admissions attributed to Martin, and denies the remaining allegations of paragraph 119.

120. Denied.

121. Denied.

122. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning authorization-form practices, and denies paragraph 122 insofar as it concerns him.

123. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 123.

124. Givens denies the allegations of paragraph 124 insofar as they concern him, including any suggestion that he altered or falsified any authorization form. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Hammond.

125. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning the Hammond affidavit, and denies paragraph 125 insofar as it concerns him.

126. Givens denies the allegations of paragraph 126 insofar as they concern him. Givens is unaware at this time of drafting and/or signing any interrogatory responses for the Enterprise complaints. Givens denies for lack of knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants.

127. Givens denies the allegations of paragraph 127, including each of its sub-parts, insofar as they concern him or allege that he knew any interrogatory response to be false. Further, Givens is unaware at this time of drafting and/or signing any interrogatory responses in regard to the referenced claimants. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning interrogatory responses served by the other Defendants and the referenced claimants.

128. Denied.

129. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning the Hammond affidavit or the testimony of Individual 74 and Individual 26. Givens denies paragraph 129 insofar as it concerns him.

130. Denied.

131. Denied.

132. Givens denies the allegations of paragraph 132 insofar as they concern him. Givens denies for lack of knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants.

133. Givens denies for lack of knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern Martin.

134. Givens denies for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Martin's other dismissals.

135. Givens denies the allegations of paragraph 135, including its sub-parts, insofar as they concern him or allege any improper or fraudulent purpose. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants.

136. Givens denies the allegations of paragraph 136 including its sub-parts, insofar as they concern him. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants.

137. Givens denies that he misled any client about the reason for any dismissal or made any false statement, as alleged in paragraph 137 and its sub-parts. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants.

138. Givens denies that he knew Individual 74's claim was time-barred at the time of filing or joining. Givens lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 138.

139. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning 3M's summary-judgment motion in Individual 74's case.

140. Givens denies that he knew the Hammond Affidavit to be false or that he caused it to be filed. Givens lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 140.

141. Givens denies any involvement in altering any authorization form. Givens lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 141.

142. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Hammond's deposition and Martin's representation of Hammond.

143. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Hammond's testimony.

144. Givens denies that he knew of the May 2018 intake form relative to Individual 74 at any material time during the pendency of that litigation and that he intentionally withheld records from 3M to conceal a scheme.

145. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Judge Hall's opinion.

146. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning statements attributed to Martin.

147. Givens admits only that he and Martin represented a plaintiff in a West Virginia action (*[Individual 78] v. Mine Safety Appliances Company*) and that an affidavit submitted in that

matter was withdrawn. Givens denies that any affidavit was knowingly false and denies the remaining allegations of paragraph 147.

148. Givens denies that any conduct of his proximately caused 3M to incur any cost, and lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning 3M's expenditures.

149. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the text message attributed to Martin, and denies paragraph 149 insofar as it concerns him.

150. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the Texas proceedings and admissions attributed to Martin. Givens denies paragraph 150 insofar as it concerns him.

151. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Martin's deposition testimony.

152. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Martin's prior testimony.

153. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Martin.

154. Givens denies the allegations of paragraph 154 insofar as they concern him. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants.

155. Givens admits only that motions to dismiss certain plaintiffs stated that the listed claimants had no formal diagnosis of coal workers' pneumoconiosis. Givens denies that any claim

was "fraudulent" or known by him to be fraudulent and denies the remaining allegations of paragraph 155.

156. Denied.

157. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Martin's deposition testimony.

158. Givens admits that 3M filed an opposition to the dismissal without prejudice of 43 claims and requested a hearing on the matter. Givens denies the rest of the allegations of paragraph 158 for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning 3M's filings.

159. Givens cannot locate the email referenced by 3M. Therefore, he cannot admit or deny at this time the allegation.

160. Givens admits that notices withdrawing the motions to dismiss certain plaintiffs were filed on or about February 15, 2023. Givens denies the remaining allegations of paragraph 160, including the allegation that the withdrawals were made to avoid revealing any "scheme."

161. Denied.

162. Givens denies that any conduct of his proximately caused 3M to incur any cost, and lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning 3M's expenditures.

163. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning findings as to Hammond and statements attributed to Martin. Givens denies paragraph 163 insofar as it concerns him.

164. Givens admits that he and Martin filed motions to stay certain dust-mask cases in Kentucky courts in March 2023. Givens denies that any such motion contained false statements,

that he had participated in any "scheme," or that fraud had occurred, and denies the remaining allegations of paragraph 164.

165. Denied.

166. Givens admits that the motions to stay described the discovery of documents at Hammond's office. Givens denies that any statement in the motions was false, and denies the remaining allegations of paragraph 166.

167. Givens admits that the motions to stay stated counsel's good-faith belief that material information relating to the statute of limitations may have been concealed in other cases. Givens denies the remaining allegations of paragraph 167.

168. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning statements attributed to Martin at the March 24, 2023 hearing, and denies paragraph 168 insofar as it concerns him.

169. Denied.

170. Givens denies that he was aware, from any spreadsheet or otherwise, that any claim was barred by the statute of limitations. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Hammond's spreadsheet and Martin's knowledge.

171. Givens denies that he was aware of the paper files described in paragraph 171. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants.

172. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Martin's deposition testimony and Hammond's hearing testimony.

173. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Martin's access to files.

174. Givens denies that any false statement was made to any client, and denies paragraph 174 insofar as it concerns him..

175. Givens denies the allegations of paragraph 175 insofar as they concern him. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants and other matters.

176. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning 3M's motion in Individual 74's case.

177. Givens admits that Judge Hall held a hearing on April 4, 2023 in which 3M alleged that Givens and Martin made false statements in a motion to stay. Givens denies for lack of knowledge or information sufficient to form a belief about the truth of the comments Judge Hall made during that hearing.

178. Givens admits that, on or about April 5, 2023, he and Martin moved to withdraw as counsel in numerous dust-mask actions. Givens denies the "last-ditch effort" and concealment characterizations and the remaining allegations of paragraph 178.

179. Givens admits that he and Martin filed motions to withdraw as counsel of record in numerous actions on or about the dates stated in paragraph 179 and its sub-parts. Givens denies that the motions were filed to avoid discovery of any wrongful conduct, denies the "potentially fraudulent" characterization, and denies the remaining allegations of paragraph 179.

180. Givens admits that the motions to withdraw stated that the motions to stay would no longer be necessary and that Hammond would continue to represent the clients. Givens denies the remaining allegations of paragraph 180.

181. Givens denies the "misstatements" characterization in paragraph 181. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants.

182. Givens admits that the motions to withdraw addressed the scope of counsel's retention. Givens denies the remaining allegations of paragraph 182 and the characterizations therein.

183. Givens admits that he and Martin filed motions to stay and appeared in court in March 2023. Givens denies the "falsely claimed" characterization and the remaining allegations of paragraph 183.

184. Givens admits that he and Martin appeared in and made filings in the referenced actions. Givens denies that any representation to the Court or to 3M was false and denies the remaining allegations of paragraph 184 and its sub-parts.

185. Givens admits that he filed notices of appearance and certain other filings in the actions identified in paragraph 185 and its sub-parts on or about the dates stated. Givens denies the "Enterprise Complaint" and scheme characterizations and the remaining allegations of paragraph 185.

186. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning statements attributed to Martin.

187. Givens denies the allegations of paragraph 187 insofar as they concern him. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants.

188. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 188.

189. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 189.

190. Givens admits that counsel for 3M sent a preservation letter to Defendants on or about March 20, 2023. Givens lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 190.

191. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 191.

192. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 192.

193. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 193.

194. Givens admits that 3M filed a petition in Texas state court seeking pre-suit discovery relating to Martin and his firm, and that the court granted the petition. Givens lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 194.

195. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Martin's Texas filings.

196. Givens denies the allegations of paragraph 196 insofar as they concern him, including any allegation that he intended to defraud 3M or knew that false statements would be made. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants.

197. Givens denies the allegations of paragraph 197 insofar as they concern him. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants.

198. Givens denies that he used or caused to be used the mails or wires in furtherance of any scheme to defraud, and denies that any such use constitutes a RICO predicate. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants.

199. Denied.

200. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Hammond's handling and concealment of files, and specifically denies that he engaged in or agreed to any obstruction of justice.

201. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Hammond in paragraph 201.

202. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Hammond in paragraph 202.

203. Denied.

204. Givens denies the allegations of paragraph 204 insofar as they concern him, including any allegation that he committed two or more racketeering acts or entered into any agreement to further an enterprise. Givens lacks knowledge or information sufficient to form a belief about the truth of the allegations insofar as they concern the other Defendants.

205. Givens denies that any conduct of his caused 3M any harm, and lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning 3M's expenditures and reputational harm.

206. Givens repeats and incorporates by reference his responses to paragraphs 1 through 205 as if fully set forth herein.

207. Denied.

208. Givens admits that the activities described involved parties located in different states. Givens denies the remaining allegations of paragraph 208, including the "enterprise" characterization.

209. Denied.

210. Denied.

211. Denied.

212. Denied.

213. Denied.

214. Denied.

215. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning Hammond's alleged concealment of records, and denies that he committed or agreed to any obstruction of justice under 18 U.S.C. § 1503 or § 1512(c).

216. Denied.

217. Givens repeats and incorporates by reference his responses to paragraphs 1 through 216 as if fully set forth herein.

218. Denied.

219. The allegations of paragraph 219 are part of Count III (Kentucky common-law fraud), which the Court dismissed by its Opinion & Order entered September 30, 2026 (DE 99). No response is required. To the extent a response is required, Givens repeats and incorporates his foregoing responses.

220. The allegations of paragraph 220 are part of a dismissed claim and require no response. To the extent a response is required, denied.

221. The allegations of paragraph 221 are part of a dismissed claim and require no response. To the extent a response is required, denied.

222. The allegations of paragraph 222 are part of a dismissed claim and require no response. To the extent a response is required, denied.

223. The allegations of paragraph 223 are part of a dismissed claim and require no response. To the extent a response is required, denied.

224. The allegations of paragraph 224 are part of a dismissed claim and require no response. To the extent a response is required, denied.

225. The allegations of paragraph 225 are part of a dismissed claim and require no response. To the extent a response is required, denied.

226. The allegations of paragraph 226 are part of Count IV (Kentucky common-law civil conspiracy), which the Court dismissed by its Opinion & Order entered September 30, 2026 (DE 99). No response is required. To the extent a response is required, Givens repeats and incorporates his foregoing responses.

227. The allegations of paragraph 227 are part of a dismissed claim and require no response. To the extent a response is required, denied.

228. The allegations of paragraph 228 are part of a dismissed claim and require no response. To the extent a response is required, denied.

229. Answering the unnumbered "Requested Relief" paragraph of the Amended Complaint, including its subparagraphs 1 through 7, Givens denies that 3M is entitled to the relief requested or to any relief whatsoever against Givens.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof or persuasion that the law places on 3M, and reserving the right to amend or supplement these defenses as discovery proceeds, Givens asserts the following separate and additional defenses. By pleading these defenses, Givens does not concede that any of them is an affirmative defense on which he bears the burden of proof, nor that 3M's allegations are true. Each defense is pleaded in short and plain terms to provide fair notice, and the defenses are pleaded in the alternative. Several of the defenses below were addressed by the Court at the pleading stage on 3M's allegations taken as true; Givens pleads them here to preserve them for resolution on a developed factual record at summary judgment and trial.

### FIRST DEFENSE (Failure to State a Claim)

The Amended Complaint fails to state a claim against Givens upon which relief can be granted.

### SECOND DEFENSE (Failure to Plead Fraud with Particularity)

3M's civil RICO claims rest on predicate acts of mail and wire fraud, which are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). The Amended Complaint fails to plead, as to Givens, the particular false statements, the speaker, the time and place, and the reason the statements were fraudulent, and fails to plead facts giving rise to a strong inference of fraudulent intent on Givens's part.

### THIRD DEFENSE (No Conduct of an Enterprise — *Reves* Operation-or-Management)

3M fails to state a claim under 18 U.S.C. § 1962(c) because the Amended Complaint does not plausibly allege that Givens participated in the operation or management of any enterprise, as distinguished from the conduct of his own law practice and the performance of ordinary legal services.

**FOURTH DEFENSE (No Pattern of Racketeering Activity)**

3M fails to allege a "pattern of racketeering activity" as to Givens, including the required relationship among, and continuity of, predicate acts.

**FIFTH DEFENSE (No Distinct Enterprise)**

3M fails to plead an association-in-fact enterprise distinct from the alleged pattern of racketeering activity and distinct from the RICO "persons" alleged.

**SIXTH DEFENSE (No RICO Conspiracy — No Agreement)**

3M's claim under 18 U.S.C. § 1962(d) fails because the Amended Complaint does not plausibly allege that Givens entered into any agreement to commit two or more predicate acts or otherwise to violate the substantive RICO provision, and because 3M fails to state a substantive RICO claim to which a conspiracy could attach.

**SEVENTH DEFENSE (No Standing — Lack of Proximate Causation)**

3M lacks statutory standing under 18 U.S.C. § 1964(c) because any injury it allegedly suffered was not proximately caused by any predicate act of Givens. Any alleged injury is too remote, indirect, derivative of harm to others, or attributable to independent and intervening causes to satisfy RICO's direct-relationship requirement.

**EIGHTH DEFENSE (No Cognizable RICO Injury)**

3M has not suffered an injury to "business or property" cognizable under 18 U.S.C. § 1964(c) that is fairly traceable to any conduct of Givens.

**NINTH DEFENSE (Statute of Limitations)**

3M's civil RICO claims are barred, in whole or in part, by the four-year statute of limitations governing civil RICO actions. 3M knew or should have known of its alleged injury—the litigation costs it allegedly incurred defending the challenged claims—more than four years

before it commenced this action, and its claims accrued at that time under the injury-discovery rule. Under the separate-accrual rule, 3M may not recover for injuries caused by predicate acts occurring outside the limitations period, and no new predicate act within the limitations period caused harm over and above the harm allegedly caused by earlier acts. 3M cannot satisfy the requirements for fraudulent concealment or equitable tolling because it did not exercise reasonable diligence.

**TENTH DEFENSE (Laches)**

3M's claims are barred, in whole or in part, by laches to the extent 3M unreasonably delayed in asserting its claims to Givens's prejudice.

**ELEVENTH DEFENSE (Conduct Not a Cognizable RICO Predicate — Litigation Activity)**

The conduct attributed to Givens consists of litigation and advocacy activity—filing and prosecuting claims and related court filings—that does not satisfy the elements of mail fraud, wire fraud, or obstruction of justice and cannot, without more, constitute a RICO predicate act. At most, 3M's allegations sound in state-law theories such as malicious prosecution or abuse of process, which are not RICO predicates.

**TWELFTH DEFENSE (*Noerr-Pennington* / First Amendment Petition Clause)**

3M's claims are barred, in whole or in part, by the Noerr-Pennington doctrine and the Petition Clause of the First Amendment, which immunize the filing and prosecution of lawsuits and conduct incidental to petitioning activity. The "sham" exception does not apply to Givens's petitioning on a developed record, because the underlying claims were not objectively baseless and were not pursued for an improper purpose.

**THIRTEENTH DEFENSE (Good-Faith Representation; Absence of Scienter)**

At all relevant times Givens acted in good faith, in the course of representing clients, and in reliance on information provided by clients, co-counsel, and others, without knowledge of or intent to further any fraudulent scheme and without the scienter required for any alleged predicate act.

**FOURTEENTH DEFENSE (*In Pari Delicto* / Unclean Hands)**

3M's claims are barred, in whole or in part, by the doctrines of *in pari delicto* and unclean hands.

**FIFTEENTH DEFENSE (Waiver, Estoppel, Ratification, and Consent)**

3M's claims are barred, in whole or in part, by waiver, estoppel, ratification, and consent, including by reason of 3M's own settlement of and participation in the underlying litigation.

**SIXTEENTH DEFENSE (Release, Accord and Satisfaction, and Settlement)**

3M's claims are barred, in whole or in part, to the extent the underlying claims on which they are premised were resolved by release, accord and satisfaction, or settlement.

**SEVENTEENTH DEFENSE (Setoff, Offset, and the One-Satisfaction Rule)**

Any recovery against Givens must be reduced or offset by amounts 3M has received or will receive from others, including settlements, dismissals at nuisance value, and recoveries for the same alleged injury, consistent with the one-satisfaction rule and principles barring double recovery.

**EIGHTEENTH DEFENSE (Failure to Mitigate)**

3M's recovery is barred or reduced to the extent 3M failed to mitigate its alleged damages.

**NINETEENTH DEFENSE (Comparative and Intervening Fault)**

Any injury 3M allegedly sustained was caused, in whole or in part, by the acts or omissions of 3M or of third parties over whom Givens had no control, including the underlying claimants, co-counsel, and others.

**TWENTIETH DEFENSE (Damages — No Treble or Punitive Recovery)**

3M is not entitled to the damages it seeks, including treble damages, punitive damages, disgorgement, or injunctive relief, and any recovery is limited by applicable law and by the absence of the requisite conduct, causation, and injury as to Givens.

**TWENTY-FIRST DEFENSE (Joint and Several Liability)**

Givens is not jointly and severally liable for conduct or injury attributable to others, and any liability must be limited to injury proximately caused by his own conduct.

**TWENTY-SECOND DEFENSE (Adoption and Reservation)**

Givens adopts and incorporates by reference any additional defense asserted by any co-defendant to the extent not inconsistent with his own, and reserves the right to assert additional defenses that become known through discovery or otherwise.

## COUNTERCLAIMS

**AND NOW**, Counterclaimant, Johnny Givens, by and through his attorneys of record, brings counterclaims against Counter-Defendant 3M Company, and states as follows:

### I. Introduction

1. 3M's RICO lawsuit against Givens constitutes sham litigation which lacks any factual basis for the inflammatory allegations it makes to destroy the reputation of Givens. 3M's RICO lawsuit is not brought to protect against unsubstantiated "racketeering acts" or "fraud" allegedly committed against it. Rather, 3M sues Givens for ulterior purposes to intimidate him and

chill his representation of coal miners bringing product liability suits against 3M related to its 3M 8710 and 8210 respirators. 3M's conduct constitutes an abuse of process, as that term is defined by Kentucky law.

## II. Parties

2. Defendant/Counter-Plaintiff, Johnny Givens, is now and at all times hereinafter mentioned a resident of Hinds County, Mississippi.

3. Plaintiff-Counter-Defendant, 3M Company ("3M"), is a foreign corporation with its principal place of business in Minnesota. 3M may be served by and through its registered agent: Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

## III. Jurisdiction and Venue

4. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over 3M's federal Racketeer Influenced and Corrupt Organizations Act (RICO) claims arising under 18 U.S.C. § § 1961 *et seq*.

5. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1367(a) because these Counterclaims are so related to 3M's federal RICO claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions that give rise to the claims occurred in this district.

## IV. Factual Statement

7. Givens has been handling silicosis and respirator product liability cases for over nineteen (19) years.

8. When responsible for evaluating a potential new claim, Givens spends time interviewing the client to determine if they have been diagnosed; how many years they worked;

what type of facial hair, if any, they wore; whether they wore respiratory protection while performing their job duties; if so what kinds and brands of respirators they wore; and an estimate for how many years they used each product. Givens is only able to rely upon what the potential clients tell him regarding product use. Through the intake process in his firm, Givens has rejected far more cases than he has accepted. Further, the vast majority of the cases Givens himself has filed in Kentucky are individual cases that only name as Defendants the respirators the Plaintiff used. Givens has filed a few multi-plaintiff cases in Kentucky, but it is not the usual practice of his firm.

9. In August of 2020, Givens joined into the case *Randy Adams, et al. v. 3M Company, et al.,* C.A. No. 20-CI-382, Division II, Kentucky Pike Circuit Court (the Randy Adams case). Givens was not involved with the client intake process in the Randy Adams case. Outside of the Enterprise Complaints which he was not the filing attorney of record, Givens is unaware of filing a respirator product liability claim that is based only on a diagnosis of chronic obstructive pulmonary disease (COPD) even though such cases are viable under Kentucky law. If Givens discovered in the intake process that a client was only diagnosed with COPD, he would recommend to that client not to bring a claim until he was actually diagnosed with coal worker's pneumoconiosis (CWP).

10. Under Kentucky procedural law, Rule 54.02(1) of the Kentucky Rules of Civil Procedure provided specific authority for the filing of claims involving multiple parties. The rule gives specific authority for Kentucky Courts to handle and manage multiple party cases and to grant final relief to one or more of the parties without termination of the entire action. Under the rule, a listed plaintiff in the complaint may not be asserting causes of action against every

defendant. Global pleading under Rule 54.02 did not require that the parties ultimately plead more specifically as to each plaintiff identifying product use and years of exposure.

11. Accordingly, when Givens became involved in the Randy Adams case, he agreed with Martin's proposal through a pretrial agreement with 3M and the other defendants, a process similar to one Martin had advocated in the Texas silica MDL, which would require certain evidentiary proof exist before any defendant would have to expend any resources to defend a case. In this regard, Martin proposed a pretrial agreement whereby plaintiffs would dismiss any plaintiff as early as practical against any defendant where plaintiff did not 1) use the product in question or 2) any other reasons which would justify dismissal of a case before any defendant would have to engage in any expense to defend a case.

12. In meetings with 3M and other defendants, these parties readily agreed to a proposal by Martin that plaintiffs' cases should be subject to early dismissal before any party incurred unnecessary costs. Thus, Givens and Martin entered into a pretrial agreement with the defendants to allow cases to be dismissed early against any defendant either because 1) the plaintiff did not use the product 2) investigation discovered the plaintiff had facial hair 3)investigation discovered that the plaintiff did not have a clinical diagnosis of pneumoconiosis, but rather a lesser diagnosis of COPD 4) investigation discovered that an affirmative defense of limitations would likely be sustained or 5) investigation revealed other reasons not known at the time of filing. The defendants, including 3M, agreed to this approach.

13. It is in the context of this dismissal procedure, agreed upon by 3M, 3M's "RICO" claims against Givens are wholly unfounded and frivolous, sham litigation.

**FORMULATION, RATIFICATION, AND CODIFICATION OF THE PRETRIAL DISMISSAL AGREEMENT**

14. Pursuant to Federal Rule of Civil Procedure 10(c), Givens adopts and incorporates by reference the following factual paragraphs and headings from Martin's counter-claim: ¶¶18-51. Regarding ¶48, Givens did not receive electronic files from Hammond's office until approximately November 2022.

15. Based on the foregoing herein, 3M's opposition to Martin's and Givens' dismissals and this present litigation were knowingly based on false allegations and in complete contradiction to the pretrial dismissal agreements between Martin/Givens and 3M. They were likewise in contradiction to 3M's many statements and actions, which were consistent with the agreement and upon which Martin/Givens reasonably relied to continue participating as counsel in the Kentucky cases.

16. 3M has attempted to destroy Givens' career and reputation essentially trying to shut down his entire legal practice of assisting coal miners in exercising their legal rights in court, and 3M has in fact damaged Givens' reputation, caused him great expense in defending himself against the false allegations, and stymied meritorious plaintiff claims against 3M.

## V. CAUSES OF ACTION

**Count I - Abuse of Process**

17. Pursuant to Federal Rule of Civil Procedure 10(c), all preceding paragraphs including those adopted from Martin's counter-claim are incorporated and realleged and would respectfully show the Court as follows:

18. 3M willfully, maliciously, and in bad faith used process, in the form of its claims in this present litigation, not proper in the regular conduct of the proceeding.

19. 3M did so with the ulterior purposes of destroying Givens' career and reputation and preventing him from assisting coal miners in exercising their legal rights in court.

20. These actions caused financial and reputational damage to Givens.

WHEREFORE, Defendant John ("Johnny") Givens respectfully requests that the Court:

a) Dismiss the Amended Complaint against Givens with prejudice and enter judgment in Givens's favor;

b) Award Givens his reasonable costs and fees, including attorneys' fees, to the extent permitted by law;

c) Damages for mental anguish incurred by Givens;

d) Damages incurred by Givens for harm to his reputation and reputational loss;

e) Exemplary and/or punitive damages due to 3M's malicious conduct;

f) All pre and post judgment interests, as allowed by law;

g) Any other costs and damages to which counterclaimant may be entitled under law or equity; and

h) Grant Givens such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Defendant John ("Johnny") Givens demands a trial by jury on all issues so triable.

Respectfully submitted,

**GAINSBURGH, BENJAMIN, DAVID, MEUNIER & WARSHAUER, L.L.C.**

BY: */s/ Walter C. Morrison, IV*
Walter C. Morrison, IV (*Pro Hac Vice*)
240 Trace Colony Park Drive, Suite 100
Ridgeland, Mississippi 39157
Telephone: (601) 933-2054
Facsimile: (504) 528-9973
E-mail: wmorrison@gainsben.com

Brittany R. Wolf-Freedman (*Pro Hac Vice*)
601 Poydras Street, Suite 2355
New Orleans, Louisiana 70130
Telephone: (504) 522-2304
Facsimile: (504) 528-9973
E-mail: bwolf@gainsben.com

And

Judd R. Uhl (KY Bar No. 89578)
Lewis Brisbois Bisgaard & Smith LLP
3499 Blazer Parkway, Suite 330
Lexington, KY 40509
Telephone: (513) 808-9913
Facsimile: (513) 808-9912
Email: judd.uhl@lewisbrisbois.com

*Attorneys for Defendant, John Givens*

## CERTIFICATE OF SERVICE

I, Brittany R. Wolf-Freedman, hereby certify that on October 22, 2026, I electronically filed the foregoing with the Clerk of Court by using the Court's electronic filing system which will send a notice of electronic filing to all counsel of record.

*/s/ Brittany R. Wolf-Freedman*
**BRITTANY R. WOLF-FREEDMAN**