**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**

**3M COMPANY,**

Plaintiff,

v.

**GLENN HAMMOND, MICHAEL B. MARTIN, and JOHN (a.k.a. "JOHNNY") GIVENS,**

Defendants.

Case No. 6:26-cv-00034-REW-MAS

# JOINT STATUS REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), the parties jointly submit this status report. Meetings were held in September 2025 and on November 10, 2026. The November 2026 conference was attended by Benjamin Fultz, Whitney Adams, and Christina Zaldivar, counsel for Plaintiff 3M Company, and R. Kenyon Meyer and Juels White, counsel for Defendant Glenn Hammond, David Miller, Diane Burgess and Matthew Palmer-Ball, counsel for Defendant Michael B. Martin, and Walter Morrison and Brittany Wolf-Freedman, counsel for Defendant Johnny Givens. Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1. **DISCOVERY PLAN.**

a. Initial Disclosures. The Parties do not propose any changes to the disclosures required under Rule 26(a) of the Federal Rules of Civil Procedure. The Parties have agreed to exchange initial disclosures within 14 days of the Rule 26(f) conference.

b. Proposed Discovery, Dispositive Motion, and Trial Schedule.

i. Plaintiff 3M anticipates discovery into: (a) Defendants' relationships and division of labor; (b) the solicitation and intakes of potential dust mask clients; (c) the investigation and assessment of dust mask claims prior to filing; (d) the preparation of responses to discovery and for depositions in dust mask cases; and (e) requests for dismissal and the negotiation of settlements of dust mask claims. 3M also anticipates third-party discovery, including documents and depositions from former plaintiffs and other individuals involved in the dust mask litigation.

ii. Defendants anticipate discovery into: (a) the agreements reached between opposing counsel representing 3M regarding dismissal of cases, 3M employees' knowledge thereof, and settlement negotiations with 3M while those agreements were in place or being discussed; (b) 3M's alleged damages, including litigation costs and reputation damages; (c) status of dust mask claims currently pending; (d) the factual basis for Defendants' affirmative defenses; and (e) Defendants' counterclaims.

iii. Defendants also anticipate discovery disputes regarding 3M's requests for information and documents that Defendants maintain are privileged and/or subject to work product protections as well as physician—patient privilege, which Defendants are not in a position to waive, as Defendants no longer represent the vast majority of dust mask clients that are the subject of the "Enterprise Complaints." Defendants believe resolution of these objections and privilege assertions will likely be necessary prior to the completion of meaningful discovery. 3M maintains that meaningful discovery can proceed in parallel with the resolution of any discovery disputes.

iv. The Parties recognize that the Court's standard expectation is for discovery to last between three and five months. The Parties respectfully submit that the proposed schedule, which provides for approximately 15 months of fact discovery and a dispositive motion deadline approximately seven months thereafter, is warranted by the nature and complexity of this case. The claims in this case involve three named Defendants with active legal practices and ongoing client obligations, which will create significant scheduling constraints. Defendants have also asserted counterclaims. Furthermore, the Parties have not received the inventory of Hammond documents subject to the court's order, DE 32, currently in the custody of court appointed custodian, Todd Kennedy. The contents of these files may also impact privilege and work-product assertions by Defendants and the court's ruling on said objections and privileges. In the event these issues are resolved by the Parties or the Court prior to additional written discovery is propounded and depositions are taken, the schedule provided below could be shortened. Plaintiff also anticipates substantial third-party discovery from individuals involved in dust mask litigation, including the possibility of dozens of depositions of former plaintiffs and employees of Defendants' firms. With this backdrop, the Parties propose the following discovery schedule:

| Event | Deadline |
|---|---|
| Deadline to Serve Initial Disclosures | 14 days from additional 26(f) conference |
| Last Day to Amend Pleadings or Add Parties | Subject to Court discretion |
| Deadline to Complete Document Production | 9 months from 26(f) conference |
| Close of Fact Discovery | 15 months from 26(f) conference |
| Plaintiff's/Counter-Plaintiffs' Expert Reports Due | 30 days after Close of Fact Discovery |
| Defendant/Counter-Defendant's Rebuttal Expert Reports Due | 30 days after primary expert reports |
| Plaintiff/Counter-Plaintiffs' Reply Expert Reports Due | 30 days after rebuttal expert reports |
| Close of Expert Discovery | 60 days after reply expert reports |
| *Daubert* Motion Deadline | 45 days after Close of Expert Discovery |

| Event | Deadline |
|---|---|
| Dispositive Motion Deadline | 60 days after Close of Expert Discovery |
| Trial | Subject to Court's schedule |

c. Electronically Stored Information. 3M sent a preservation letter to all Defendants in April 2023, broadly requiring preservation of all documents and electronic files relating or referring to 3M, any plaintiffs on behalf of whom Defendants have filed a claim against 3M, or any potential clients retained for the purpose of filing a claim against 3M. The Parties anticipate production of both non-privileged hard copy documents and ESI from 3M and Defendants, including email, electronic files and data on hard drives and servers, chat and text messages, instant messaging, social media, and external storage devices. The Parties are negotiating an ESI Protocol. The ESI Protocol addresses, among other things, reasonable and proportionate preservation; each Producing Party's selection of search methodologies; production format (TIFF with agreed-upon metadata, except for certain native files); treatment of materials previously produced in other litigation; and privilege logging.

d. Claims of Privilege. Pursuant to the amendments to Rules 26(f) and 16(b) of the Federal Rules of Civil Procedure, the Parties have conferred in good faith regarding the timing and method for complying with Rule 26(b)(5)(A).

e. The Parties propose the following regarding the protocol for asserting and describing claims of privilege or work-product protection. 3M has served written discovery on Defendants and third-party subpoenas on their respective law firms. Defendants anticipate withholding documents responsive to those requests on the basis of attorney-client privilege and work product protection. On or before January 12, 2027, which will be after responses to 3M's initial requests for production of documents and subpoenas, the Parties will meet and confer in an

effort to agree on when and in what form a privilege log is required to comply with Federal Rule of Civil Procedure 26(b)(5)(A).

f. The Parties request entry of a Federal Rule of Evidence 502(d) order. If any party inadvertently produces information that is privileged or otherwise protected from discovery, that party shall promptly notify all other parties upon learning of the production and identify the inadvertently produced document(s). Upon receiving such notice, all parties agree not to conduct any further review of the document(s) identified and will destroy all copies of the document(s) (or return them to the producing party). Inadvertent productions of privileged or protected documents shall not constitute a waiver of any applicable privilege or protection, but each party reserves the right to challenge any designation of privilege or other protection in the manner generally allowed by law.

g. Discovery Limitations. The Parties propose the following modifications to default discovery limits to account for the number of parties:

i. Plaintiff may serve a joint set of no more than 15 Interrogatories on Defendants, collectively. Plaintiff will be permitted to serve the balance of the Interrogatories on each Defendant, Individually, not to exceed 25 total.

ii. Defendants will serve a joint set of no more than 15 Interrogatories on 3M. Each Defendant will be permitted to serve the balance of Interrogatories on 3M, not to exceed 25.

iii. The Parties propose that each party can serve 25 RFAs on any other Party.

iv. 3M proposes depositions shall remain at the default limit of 10 per side, not including expert witnesses or third parties. 3M does not propose a limit to third party

depositions at this time as it anticipates seeking evidence and testimony from dozens of current and former plaintiffs in underlying dust mask cases and current and former employees of Defendants' firms, consistent with allegations in the First Amended Complaint, and its investigation is ongoing. Defendants propose depositions shall remain at the default limit of 10 per side, not including expert witnesses. Defendants propose third-party depositions shall be limited to 10 per side.

v. If the Court denies 3M's motion to dismiss the Counterclaims, Counter-claimants' discovery limitations will be the same as those provided here.

Consistent with Local Rule 37.1, prior to filing any discovery motion, all counsel shall make a good faith effort to resolve any dispute extrajudicially. Any discovery motion shall include a certification that counsel have conferred and are unable to resolve their differences, detailing counsel's attempts to resolve the dispute. In addition, consistent with Local Rule 26.1, all responses to interrogatories, requests for production, and requests for admission shall repeat the question or request immediately before the answer or objection.

h. Other Orders. The Parties respectfully request that the Court enter the following orders:

i. Stipulated Protective and Confidentiality Order under Rule 26(c). Given the nature of this litigation, which involves claims against attorneys arising from their representation of clients, the Parties anticipate that discovery will involve the production of confidential business, financial, and/or private personal information. The Parties believe good cause exists for the Court to enter a stipulated protective order under Rule 26(c) of the Federal Rules of Civil Procedure to govern the handling of confidential discovery materials. The Parties will meet and confer on the terms of a proposed protective order and submit it to the Court for

approval. Any party seeking to file materials designated as confidential under the protective order must comply with Local Rule 5.6, which requires a motion for leave to seal establishing that the document is entitled to protection from public disclosure.

ii. Case Management Order under Rule 16(b). The Parties do not request any additional orders at this time beyond the scheduling deadlines set forth in Section 1.b. above.

2. **ALTERNATIVE DISPUTE RESOLUTION**. The Parties are willing to consider resolution pre-discovery, post-discovery, or post-dispositive motion, but are unable at the time of this filing to determine whether an early resolution is possible. The Parties understand that the Magistrate Judge is available for mediation if the Parties mutually request it.

3. **PRETRIAL MOTIONS**. The Parties agree that pretrial motions should be filed no later than 30 days before trial.

4. **ESTIMATED TRIAL LENGTH**. Given the number of parties and the anticipated scope of discovery, the Parties estimate that trial in this matter will last approximately 7-10 days.

5. **TRIAL DATES**. The Parties are available for trial in December 2028.

6. **CONSENT TO JURISDICTION OF MAGISTRATE JUDGE**. At this time, the Parties do not consent to the jurisdiction of a United States Magistrate Judge for all purposes, including trial and entry of final judgment, pursuant to 28 U.S.C. § 636(c).

Dated: November 24, 2026

/s/ Steve Grimes
Steve Grimes (Admitted *Pro Hac Vice*)
Sharon Desh (Admitted *Pro Hac Vice*)
Whitney I. Adams (KBA #100826)
Christina Zaldivar (Admitted *Pro Hac Vice*)
WINSTON TAYLOR LLP
300 N. La Salle Dr., Suite 4400
Chicago, Illinois 60654
Tel.: (312) 558-5600
Fax: (312) 558-5700
Steve.Grimes@winstontaylor.com
Sharon.Desh@winstontaylor.com
Whitney.Adams@winstontaylor.com
Christina.Zaldivar@winstontaylor.com

Benjamin C. Fultz (KBA #84398)
Gregory Scott Gowen (KBA #85408)
Robert E. Ranney (KBA #100226)
FULTZ MADDOX DICKENS PLC
101 South Fifth Street, 27th Floor
Louisville, Kentucky 40202-3116
(502) 588-2000
bfultz@fmdlegal.com
sgowen@fmdlegal.com
rranney@fmdlegal.com

*Attorneys for Plaintiff 3M Company*

Respectfully submitted,

/s/ R. Kenyon Meyer
R. Kenyon Meyer
Stephen J. Mattingly
DINSMORE & SHOHL LLP
101 S. Fifth Street, Ste. 2500
Louisville, Kentucky 40202
(502) 540-2300
(502) 540-2529 (FAX)
kenyon.meyer@dinsmore.com
stephen.mattingly@dinsmore.com

Richard D. Porotsky
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: 513-977-8200
richard.porotsky@dinsmore.com

*Counsel for Defendant Glenn M. Hammond*

/s/ Matthew R. Palmer-Ball
Matthew R. Palmer-Ball
Bricker Graydon Wyatt LLP
400 W. Market Street, Suite 2000
Louisville, KY 40202
Phone: (502) 562-7141
Fax: (502) 589-0309
mpalmerball@bricker.com

David L. Miller (Admitted *Pro Hac Vice*)
Diane F. Burgess (Admitted *Pro Hac Vice*)
Miller, Scamardi, Carrabba & Burgess, P.C.
6525 Washington Avenue
Houston, Texas 77007
TEL: (713) 861-3595
FAX: (713) 861-3596
EMAIL: e-service@msc-lawyer.com

*Counsel for Defendant/Counter-Plaintiff Michael B. Martin*

*/s/ Walter C. Morrison*
Walter C. Morrison, IV (Admitted *Pro Hac Vice*)
Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC
240 Trace Colony Park Dr., Suite 100
Ridgeland, Mississippi 39157
Telephone: (601) 933-2054
Facsimile: (504) 528-9973
Email: wmorrison@gainsben.com

Brittany R. Wolf-Freedman (Admitted *Pro Hac Vice*)
601 Poydras Street, Suite 2355
New Orleans, Louisiana 70130
Telephone: (504) 522-2304
Facsimile: (504) 528-9973
E-mail: bwolf@gainsben.com

Judd R. Uhl (89578)
Jacon A. Weis (101876)
Lewis Brisbois Bisgaard & Smith, LLP
3499 Blazer Parkway, Suite 330
Lexington, Kentucky 40509
Telephone: (513) 808-9913
Facsimile: (513) 808-9912
Judd.Uhl@lewisbrisbois.com
Jacob.Weis@lewisbrisbois.com

*Counsel for Defendant/Counter-Plaintiff John Givens*

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2026, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will transmit notice of electronic filing to counsel of record.

*/s/ Steve Grimes*
Steve Grimes